**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

SOUTHERN DISTRICT OF MISSISSIPPI
**FILED**

FEB 13 2004

J.T. NOBLIN, CLERK
BY _____ DEPUTY

**BILLIE A. AULD AND
ALL PLAINTIFFS LISTED ON
ATTACHED EXHIBIT "A"**

**PLAINTIFFS**

**v.**                     CIVIL ACTION NO. _5:04cv55 BrSu_

**LIFE INSURANCE COMPANY OF GEORGIA;
HARVEY ADCOCK; F. ALLEGREZZA; EDWARD
C. BLAND; L. BOONE; M. R. BOONE; L. BOONE,
JR.; TIMMY BORGOGNONI; RANDY BRITT; L.
BROWN; JANICE BULTON; L. H. BUROI;
BOBBY BYRNES; BARBARA COOPER; J. K. Mc
CRAIG; PAUL R. CUTTING; HENRY DAVIS;
TERRY W. DAVIS; CLINTON DICKERSON;
HANK FAVAROTH; JOHN FELTON; HOWARD
FOREMAN; HOWARD FULGHAM; S.
GARNARD; MARVIN GIBBS; JAMES GRAY;
JOHN HAND; JOHN HARRINGTON; ARNOLD
HENDERSON; E. JACKSON; GREGORY
JACKSON; SHIRLEY JENRETTE; BUBBA
JOHNSON; LES KING; OLIVER KING; OLEVAR
S. KING; CRAIG KIRBY; DAVIS LABELL;
GREGG LANE; J. MALLY; IVY MANEY; MAYO
MANGUM; IVY MAUERY; JAMES MAYS;
RALPH G. MAYS; O. W. MCRAE; IVY MEMIY;
JOHN G. MIMBS; WALTER MONTGOMERY;
WILLIAM MONTGOMERY; PAUL NORRELL;
LARRY O'CONNER; LAWRENCE M. PHILLIPS;
A. PREWITT; COCHRAN CURTIS SMITH;
LESLIE SMITH; LISA THOMPSON; PAUL
UPTON; GILBERT WALDEN; B. WALK;
HAROLD WALLEY; BEN WALTMAN; JAMES
WATSON; PAUL WATSON; SAM WHITAKE;
PENNY WOMBLE; and JOHN DOE 1-500, who are
those persons, firms, corporations, associations,
proprietorships, or other entities whose names and
identities are otherwise unknown at this time by the
Plaintiffs, but who will be added by amendment
when ascertained and who participated in the rating,**

developing, selling, servicing, handling, collection on
and/or canceling of certain insurance policies of
Plaintiffs and/or who participated in acts or
omissions that caused damage to policies of Plaintiffs
and/or who took and/or converted for their own uses
money from Plaintiffs' policies and/or who engaged
in a conspiracy or participated in acts or omissions
which involved said policies and/or who participated
in a cover-up or conspiracy of silence to withhold
from the Plaintiffs information about the Plaintiffs'
policies and including but not limited to the different
and discriminatory rates being charged Plaintiffs
and others because of their race, and the other
products that were more beneficial and reasonable in
pricing which could have been sold to Plaintiffs but
was not                                                                                    **DEFENDANTS**

---

## NOTICE OF REMOVAL AND STATEMENT OF FACTS, AND AUTHORITIES IN SUPPORT OF REMOVAL

---

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendants Life Insurance Company

of Georgia ("Life of Georgia"), Paul Norrell ("Norrell"), Randy Britt ("Britt"), Walter Montgomery

("Montgomery") and Paul Upton ("Upton") (collectively, Defendants)[1] hereby submit their Notice

of Removal, and remove this action from the Circuit Court of Adams County, Mississippi to the

United States District Court for the Southern District of Mississippi, Western Division.  The facts

and authorities supporting this Notice of Removal are set forth in detail below.

---

[1]To Defendants' knowledge, none of the other Defendants have been served at this time.  In
removing, Defendants Life of Georgia, Norrell, Britt, Montgomery and Upton expressly reserve any
objections as to the sufficiency of service of process on them.

## I.    INTRODUCTION

Plaintiffs brought this action in a forum that is inappropriate for the subject matter of this case in an improper effort to multiply proceedings, maximize the inconvenience and prejudice to Defendants, and force Defendants into a settlement posture.  By artfully dressing up federal claims in the clothing of purported state law causes of action, by misstating the damages they seek, and by rounding up individuals to name as defendants in this case in an effort to destroy diversity jurisdiction, Plaintiffs have attempted to deprive Defendants of the federal forum to which they are entitled – the only forum in which it is appropriate to litigate this case.

Plaintiffs are well aware that a federal Multidistrict Litigation proceeding has been established in the Eastern District of Louisiana (the "MDL Court") to address claims that are identical or virtually identical to those in this case.  Ultimately, this case should be transferred to the MDL Court (as Defendants promptly will request) because litigation of these claims in that more appropriate forum will conserve judicial resources.  Accordingly, this removal not only will protect Defendants' right to be heard in federal court, but also will result in a more efficient and equitable resolution of the claims of thousands of individuals who have asserted identical or virtually identical claims against Life of Georgia and other life insurance companies.

This Court has subject matter jurisdiction in this case.  Despite Plaintiffs' pasting of state law labels on their claims and their purported disclaimer of federal claims (see Complaint, Preamble), Plaintiffs clearly assert claims of race discrimination that can be pursued only under 42 U.S.C. §§ 1981 or 1982, if at all.  Because Plaintiffs' Complaint necessarily raises a substantial federal question, this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331, and it

can exercise supplemental pendent jurisdiction over any arguably viable state claims pursuant to

28 U.S.C. § 1367.

This Court also has diversity jurisdiction.  Plaintiffs also have fraudulently joined the non-

diverse Individual Defendants.  There is therefore complete diversity between the proper Plaintiffs

and Life of Georgia.[2]  Because the true amount in controversy in this case exceeds $75,000, diversity

jurisdiction is proper pursuant to 28 U.S.C. § 1332.

## II.     PERTINENT FACTS AND PROCEDURAL HISTORY

On or about January 5, 2004, Plaintiffs filed a Complaint against Life of Georgia, and

Individual Defendants Norrell, Britt, Montgomery and Upton, as well as 66 other Individual

Defendants who have not yet been served:[3]  Harvey Adcock; F. Allegrezza; Edward C. Bland; L.

Boone; M. R. Boone; L. Boone, Jr.; Timmy Borgognoni; L. Brown; Janice Bulton; L. H. Buroi;

Bobby Byrnes; Barbara Cooper; J. K. M. Craig; Paul R. Cutting; Henry Davis; Terry W. Davis;

Clinton Dickerson; Hank Favaroth; John Felton; Howard Foreman; Howard Fulgham; S. Garnard;

Marvin Gibbs; James Gray; John Hand; John Harrington; Arnold Henderson; E. Jackson; Gregory

Jackson; Shirley Jenrette; Bubba Johnson; Les King; Oliver King; Olevar S. King; Craig Kirby;

Davis Labell; Gregg Lane; J. Mally; Ivy Maney; Mayo Mangum; Ivy Mauery; James Mays; Ralph

G. Mays; O. W. Mcrae; Ivy Memiy; John G. Mimbs; William Montgomery; Larry O'conner;

Lawrence M. Phillips; A. Prewitt; Cochran Price; Maxine Salley; Charles Smith; Clide Smith;

---

[2]A December 30, 2002 decision of a Mississippi federal court dealt with many of the misjoinder and fraudulent joinder issues raised in this case.  See Coleman v. Conseco, Inc., 238 F. Supp. 2d 804 (S.D. Miss. 2002).  In that case, Judge Barbour found that non-diverse defendants were fraudulently joined, and non-diverse plaintiffs were "fraudulently misjoined."  The Court disregarded the citizenship of both, held that diversity jurisdiction was proper, and denied the plaintiffs' motion to remand.  Id. at 819.

[3]Plaintiffs' Complaint does not even allege service information for the majority of the Individual Defendants; it therefore appears Plaintiffs have no intent of ever serving these Individual Defendants – another indication of the fraudulent nature of their joinder.

Clyde W. Smith; Curtis Smith; Leslie Smith; Lisa Thompson; Gilbert Walden; B. Walk; Harold

Walley; Ben Waltman; James Watson; Paul Watson; Sam Whitake; Penny Womble (the "Individual

Defendants") and John Does 1 through 500 in the Circuit Court of Adams County, Mississippi. Life

of Georgia received a copy of the Summons and Complaint via certified mail on or about January 20,

2004. Norrell, Britt, Montgomery and Upton also received copies of the Summons and Complaint,

via certified mail, on or about January 17, 2004. A true and correct copy of all papers filed by

Plaintiffs in the Circuit Court of Adams County in this action is attached hereto as Exhibit "A."

The Southern District of Mississippi, Western Division, is the Court embracing the place

where Plaintiffs filed their state court action. Therefore, venue is proper in this Court pursuant to

28 U.S.C. §§ 1441(a)-(c) and 1443. Further, pursuant to 28 U.S.C. § 1446(d), a copy of this Notice

of Removal is being served on the Clerk for the Circuit Court of Adams County, Mississippi, and

on Plaintiffs' counsel, along with a Notice to State Court of Removal (copy attached hereto as

Exhibit "B").

The gravamen of Plaintiffs' Complaint is that Life of Georgia committed illegal race

discrimination in making contracts by charging higher premiums for life insurance to African-

American customers than to Caucasian customers. Notwithstanding the purported disclaimers

contained in its Preamble, the Complaint consists of a lengthy narrative alleging an elaborate scheme

of intentional race discrimination that Life of Georgia has allegedly perpetrated (Complaint,

¶¶ 77-93). The claimed basis for joining the Individual Defendants is that they carried out Life of

Georgia's alleged scheme of race discrimination as part of their jobs as agents for Life of Georgia

(Complaint, ¶¶ 2, 90). In the Complaint's actual counts, Plaintiffs characterize this alleged

discrimination as the following purported causes of action:  (1) fraudulent misrepresentation;

(2) reckless misrepresentation; (3) innocent misrepresentation; (4) fraudulent concealment and suppression; and (5) "Discrimination Under Mississippi Law" (Complaint, ¶¶ 94-114).[4]

Life of Georgia is a Georgia corporation with its principal place of business in Georgia (Complaint, ¶ 2). The Complaint lists as Plaintiffs 121 individuals who allegedly have either a past or present ownership interest in a Life of Georgia policy (Id., ¶ 79, Table A). Several Plaintiffs are listed as having Mississippi addresses; none are identified as residents of Georgia (Id., Table A). The Complaint further lists as Defendants 70 individuals (as well as John Doe Defendants 1 through 500) who are alleged to have "sold and issued" Plaintiffs insurance policies (Id., Preamble, ¶¶ 4-73). The Complaint alleges Mississippi residency for the Individual Defendants. However, Life of Georgia submits that none of these individuals is a proper party in this action, because these individuals were fraudulently joined solely in an attempt to destroy diversity jurisdiction. For example, the Complaint does not allege any specific conduct attributable to any specific agent, but instead alleges a vast scheme of unlawful race discrimination perpetrated by Life of Georgia through unnamed employees and agents. There is not one single allegation of unlawful conduct committed by any of the Individual Defendants specifically. In fact, the Complaint does not even allege any of the Individual Defendants sued are agents Plaintiffs can identify as being involved in selling and/or servicing the policies in question. None of the Individual Defendants are identified on Table A (or anywhere else) as having sold a particular policy, let alone having committed a specific

---

[4]The Complaint's Preamble alleges that the Complaint is for "fraud and fraudulent inducement, for breach of the duties of good faith and fair dealing, for tortious breach of contract, for breach of fiduciary duty, for assumpsit or money had and received, unjust enrichment and imposition and/or gross negligence, for violation of Miss. Code Ann [sic] § 83-7-3 . . . and for violation of the Mississippi Consumer Protection Action . . . and for conversion . . . ." However, the Complaint actually includes only the five Counts described above.

wrongful act against any of the Plaintiffs.  As such, the only possible reason for them being named as Defendants is to destroy diversity.

Additionally, because of the severe nature of Plaintiffs' allegations and the types of relief they seek, the amount in controversy in this case exceeds $75,000, exclusive of interest and costs, notwithstanding Plaintiffs' insincere claims to the contrary (see Complaint, ¶ 75).  Defendants remove this action to this Court based on federal question and diversity grounds, because Plaintiffs' Complaint presents claims that are federal in nature and because Life of Georgia is the only proper defendant in this action (if at all) and the true amount in controversy exceeds the jurisdictional minimum of $75,000.

## III.   DISCUSSION AND RELEVANT AUTHORITIES

### A.   Federal Question Jurisdiction

28 U.S.C. § 1331 confers original jurisdiction on the federal District Courts "of all civil actions arising under the Constitution, laws, or treatises of the United States."  The statutory "arising under" language has been construed to mean "[a] suit arises under the law that creates the cause of action" – or a suit that could not exist but for the rights created by a particular federal law.  American Well Works v. Layne & Bowler Co., 241 U.S. 257, 260 (1916).  The facts that form the basis of Plaintiffs' claims in this lawsuit can only be pursued under federal law, specifically 42 U.S.C. § 1981 or § 1982.

#### 1.   Plaintiffs' Claims of Unlawful Race Discrimination in the Making of Contracts Raise a Substantial Federal Question.

To succeed on any of their claims, Plaintiffs must, as a preliminary matter, demonstrate racially discriminatory pricing of insurance premiums.  Even a cursory review of Plaintiffs'

Complaint reflects that all of their claims are based on the factual allegation of race discrimination. The following excerpts are but a few examples of the nature of Plaintiffs' allegations:

- "Plaintiffs' selection of product(s) to be purchased was internally [sic] limited by the Defendants because of the Plaintiffs' race and color . . ." Complaint, ¶ 81(b).

- ". . . the premiums were . . . higher than what would have been paid for comparable coverage by Caucasian Americans . . ." Id., ¶ 81(c).

- "Defendants additionally based higher premiums for Blacks on 'socio-economic' factors and underwriting where premiums were raised based purportedly on occupation, social traits and living conditions all the while being disguised, but actually being racial discrimination . . ." Id., ¶ 81(e).

In this case, there can be no dispute that unlawful race discrimination in the making of the insurance contracts at issue is the sole substance of Plaintiffs' claims. Indeed, Count V of Plaintiffs' Complaint is for "race discrimination." Without the allegation that Life of Georgia committed unlawful race discrimination in pricing its insurance contracts, there can be no "fraud," misrepresentation, or omission upon which Plaintiffs can base their purported fraud-type claims contained in Counts I through IV of their Complaint. In short, without the claims of illegal race discrimination, Plaintiffs' non-discrimination claims are reduced to theoretical causes of action left in search of supporting facts. As such, Plaintiffs' only claim is their "discrimination" claim. Unlawful race discrimination in making contracts unquestionably is not only central to all of Plaintiffs' claims, it is the essential aspect of those claims.

Mississippi state law does not, however, provide a cause of action for allegations of unlawful race discrimination in making contracts. See Davis v. Vesta Fire Ins. Corp., 1996 WL 774530, *1, No. CIV. A. 3:96-CV-549LN (S.D. Miss. Aug. 29, 1996) ("Nor is there any other cause of action cognizable under Mississippi law for discrimination based on race or any other protected class"); Jackson v. Mississippi Farm Bureau Mut. Ins. Co., 947 F. Supp. 252, 255 (S.D. Miss. 1996).

Mississippi does not have a civil rights statute comparable to 42 U.S.C. § 1981 or § 1982.  Plaintiffs'

claims must arise, if at all, under federal law – no other source for the claims is available.

For jurisdictional purposes, it is of no consequence that Plaintiffs' allegations of unlawful

race discrimination in making contracts are not presented as a federal cause of action.  See Jackson,

supra at 256-57 ("Plaintiffs' characterization of their claims as arising solely under state law (or their

refusal to correctly denominate the claim as federal) is not controlling.").  Federal jurisdiction is

invoked even where a federal question is hidden by plaintiffs' "artful pleading" or purported reliance

on state claims in the Complaint.  See id. at 255 ("[p]laintiffs may not avoid federal jurisdiction

simply by failing to denominate as federal what is in substance a federal claim, i.e., by artful

pleading") (citation omitted).  See also Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 366

(5th Cir. 1995) ("where the plaintiff necessarily has available no legitimate or viable state cause of

action, but only a federal claim, he may not avoid removal by artfully casting his federal suit as one

arising exclusively under state law").  Nor does it matter that Plaintiffs expressly disavow any federal

claims.  Jackson, 947 F. Supp. at 256 ("[p]laintiff[s] may not avoid federal jurisdiction by

'stipulating' on the one hand that they are not pursuing a federal cause of action while at the same

time continuing to assert what the court has concluded is a federal claim.").  Rather, the test for

federal question jurisdiction is whether Plaintiffs' allegation of unlawful race discrimination in

making contracts is a necessary or essential component of the claims they assert.  See Carpenter,

44 F.3d at 366; Medina v. Ramsey Steel Co., Inc., 238 F.3d 674, 690 (5th Cir. 2001).

Because illegal race discrimination is an essential and necessary element of each cause of

action alleged in their Complaint, Plaintiffs' claims are cognizable, if at all, only under federal law.

See Jackson, 947 F. Supp. at 255 ("[a] cause of action to which a charge of race discrimination is

central, or essential, would necessarily be federal since Mississippi . . . has not otherwise provided

for or recognized a cause of action for race or other types of class-based discrimination.").  By

strategically omitting any mention of federal law, Plaintiffs are trying to avoid federal jurisdiction

and deprive Defendants of their right to be heard in federal court.  Plaintiffs' tactics notwithstanding,

the Complaint actually raises a federal question, specifically a race discrimination claim under

42 U.S.C. §§ 1981 and 1982.  Moreover, even if any of Plaintiffs' "state law" claims were viable as

pleaded (which they are not), this Court should exercise supplemental jurisdiction over them because

they are part of the same "case or controversy" as Plaintiffs' federal claims.  28 U.S.C. § 1367.

Accordingly, jurisdiction properly lies in this Court.[5]

### 2.        The Artful Pleading Doctrine Applies to this Case.

A District Court generally determines whether it has jurisdiction under section 1331 by

looking to the plaintiff's "well-pleaded complaint" and deciding whether a federal question is raised

on the face of the complaint, as opposed to being embedded in a defense or a counterclaim.  See

Franchise Tax Bd., 463 U.S. 1, 10 (1983).  Under the "artful pleading" doctrine, however, a District

Court does not simply accept a plaintiff's characterization of his or her claims, but rather "should

inspect the complaint carefully to determine whether a federal claim is necessarily presented, even

if the plaintiff has couched his pleading exclusively in terms of state law."  In re Carter, 618 F.2d

1093, 1101 (5th Cir. 1980).  The artful pleading doctrine "does not convert legitimate state claims

into federal ones, but rather reveals the suit's necessary federal character."  See Carpenter, 44 F.3d

at 367 (internal citation omitted).  "The artful pleading doctrine recognizes that the characterization

---

[5]As noted above, Plaintiffs are aware that numerous claims which are identical or virtually identical to those asserted in this case are currently pending in the MDL Court.  See In re Life Ins. Co. of Georgia Industrial Life Ins. Litig., MDL No. 1390.  The MDL Court has properly found that such claims are essentially federal in nature.  Currently, the MDL Court has taken jurisdiction in over 80 actions.

of a federal claim as a state claim will not in all cases prohibit removal <u>when the plaintiff has no state claim at all. . . ."</u>  <u>See</u> <u>id.</u>  Such is the case here.[6]

The most recent Fifth Circuit decision on this issue reaffirms the principle that federal question jurisdiction exists where a plaintiff asserts claims that necessarily rely upon federal law, even if the plaintiff has couched his pleading exclusively in terms of state law.  <u>See</u> <u>Medina v. Ramsey Steel Co., Inc.</u>, 238 F.3d 674, 680 (5th Cir. 2001).  In <u>Medina,</u> the plaintiff filed suit claiming age discrimination but asserting claims only under Texas state law.  The defendant removed after the plaintiff amended the complaint to seek remedies (back pay and liquidated damages) provided only by federal law.  The District Court refused to remand the case, and the Fifth Circuit affirmed, stating that removal is proper when "a federal right is an essential element of the plaintiffs' cause of action."  <u>Id.</u>  Because the rights the <u>Medina</u> plaintiff sought to assert in the amended complaint were available only under federal law, and not under the state law under which he claimed to sue, a federal right was an essential element of his case.  <u>Id.</u>

Similarly, in this case, Plaintiffs may not recover for allegedly unlawful race-based discrimination in the making of insurance contracts.  Private remedies for such alleged offenses are available only under federal law.  Plaintiffs' claims of race discrimination, therefore, necessarily

---

[6]The "complete preemption" rule does not apply in this case because it is Plaintiffs' Complaint that presents a federal question, not Defendants' responsive pleadings.  <u>See</u> <u>Waste Control Specialists v. Envirocare of Texas</u>, 199 F.3d 781 (5th Cir. 2000); <u>Rivet v. Regions Bank</u>, 522 U.S. 470 (1998).  When a defendant removes an action on federal question grounds simply because a federal law is raised as a defense, the defendant must show that the federal law used as a defense completely preempts state law.  <u>See</u> <u>Terrebonne Homecare, Inc. v. SMA Health Plan, Inc.</u>, 271 F.3d 186 (5th Cir. 2001); <u>A.O. Smith Corp. v. The American Alternative Ins. Corp.</u>, No. 99-3347, 2000 WL 28177 (E.D. La. Jan. 12, 2000).  In this case, however, Defendants are not asserting federal law as a <u>defense</u>, but instead contend that Plaintiffs' Complaint raises a substantial federal question *on its face*.  <u>Waste Control</u> and <u>Rivet</u>, therefore, do not apply.

raise a substantial question of federal law that Defendants are entitled to have heard by a federal court.

**B.**     <u>**Diversity Jurisdiction**</u>

Diversity jurisdiction is proper under 28 U.S.C. § 1332 when there is "complete diversity of citizenship of the named parties and an amount in controversy in excess of $75,000, exclusive of interest and costs." <u>See</u> <u>Manguno v. Prudential Prop. and Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002). Life of Georgia is a Georgia corporation with its principal place of business in Georgia (Complaint, ¶ 2). Life of Georgia is therefore a citizen of the state of Georgia. The Individual Defendants are alleged to be residents of the state of Mississippi. (<u>Id.</u>, ¶¶ 4-73.)

The Individual Defendants plainly have been fraudulently joined, as Plaintiffs have no possibility of recovering against any of them. Accordingly, these parties' citizenship should be disregarded for diversity purposes. Additionally, because of the severe nature of Plaintiffs' allegations and the types of relief they seek, the true amount in controversy in this case exceeds $75,000, exclusive of interest and costs, regardless of the Complaint's claims to the contrary. Because complete diversity exists and the true amount in controversy exceeds $75,000, this Court should exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332.[7]

**1.     The Non-Diverse Parties Have Been Fraudulently Joined.**

When parties have been fraudulently joined to destroy diversity, a District Court may disregard those parties' citizenship for purposes of exercising subject matter jurisdiction. Federal courts recognize at least two types of fraudulent joinder: (1) when there is actual fraud in the

---

[7]Should Plaintiffs file a motion to remand this action, Defendants will seek remand-related discovery, pursuant to Mississippi Uniform District Court Rule 16.1 (B)(2)(b), which Defendants believe will uncover substantial evidence supporting the arguments set forth below.

plaintiff's pleading of jurisdictional facts; and (2) when there is no possibility that the plaintiff can

state a claim against the non-diverse defendant(s). See Griggs v. State Farm Lloyds, 181 F.3d 694,

699 (5th Cir. 1999); Burden v. General Dynamics Corp., 60 F.3d 213, 217 (5th Cir. 1995);

Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 259 (5th Cir. 1995).

> **a.      The Individual Defendants have been fraudulently joined**
> **because they cannot be liable under the facts alleged in**
> **Plaintiffs' Complaint.**

The Complaint contains no factual or legal basis for joining the Individual Defendants in this

litigation.  The Complaint does not allege which Individual Defendant allegedly wronged which

Plaintiff, let alone allege specifically what each Individual Defendant's allegedly wrongful acts were.

It is obvious that Plaintiffs only are interested in (and actually are) pursuing Life of Georgia as a

Defendant, and that the Individual Defendants are guilty of nothing more than being Mississippi

residents.[8] Indeed, Plaintiffs' Complaint does not even allege service addresses, or an intent to serve,

the vast majority of the Individual Defendants.

As a result, the Individual Defendants' citizenship should be ignored and they should be

dropped from the case as Defendants.  When the citizenship of the fraudulently joined non-diverse

Individual Defendants is disregarded and only proper parties (Plaintiffs and Life of Georgia) are

included in the litigation, complete diversity exists, and this Court has jurisdiction under 28 U.S.C.

§ 1332(a)(1).

---

[8]Even if there were claims against these particular Individual Defendants, the facts as pled support
either liability against Life of Georgia, or liability against the Individual Defendants, but not both. See infra.
It is therefore plain that Plaintiffs have fraudulently joined the Individual Defendants in this action for the
sole purpose of attempting to destroy this Court's diversity jurisdiction.

   i.  **There is no factual basis for any claim against the Individual Defendants.**

   Plaintiffs' Complaint fails to allege facts that, even if taken as true, would support a finding of actionable wrongdoing by any of the Individual Defendants.  The Complaint says nothing about Individual Defendants' alleged individual actions.  The Complaint also tacitly admits that these Plaintiffs are not able to identify any of the Individual Defendants as the alleged individual wrongdoers; the most specific allegation of wrongdoing by an individual is directed at the John Doe Defendants.  (See Complaint, ¶ 90).  Plaintiffs offer no explanation why they have sued the particular Individual Defendants who are named.  Defendants submit that they do not because the explanation is one of jurisdictional manipulation.

   Plaintiffs do not allege – because they cannot truthfully do so – that any of the Individual Defendants have had any involvement with rate-setting or underwriting.  As a result, none could have committed the core acts alleged in Plaintiffs' Complaint, i.e., setting premiums at a higher rate for African-Americans than for Caucasians.  The Individual Defendants should be dismissed immediately for this reason alone, and should not be considered for jurisdictional purposes.

   What allegations there are against the Individual Defendants are wholly conclusory.  But a "plaintiff must plead specific facts, not mere conclusory allegations."  Addison v. Allstate Ins. Co., 58 F. Supp. 2d 729, 734 (S.D. Miss. 1999) (non-diverse defendant was fraudulently joined where Complaint contained only conclusory allegations as to individual) (internal citation omitted).  See also Sancier v. Reserve Nat'l Ins. Co., No. 3:95CV853LN, Memorandum Opinion and Order at p. 6 (S.D. Miss. Feb. 5, 1996) ("[a] plaintiff may not avoid federal jurisdiction simply by incanting such conclusory legal characterizations as these.  Rather, the plaintiff must identify the facts which, if proven, would support a finding that [the agent] committed some independent wrong for which he

- 14 -

could potentially incur liability") (emphasis in original); <u>Brabham v. Brabham</u>, 483 So. 2d 341, 342 (Miss. 1986); <u>Shushany v. Allwaste, Inc.</u>, 992 F.2d 517, 521 (5th Cir. 1993).

Plaintiffs must state specific, viable claims against the Individual Defendants for their citizenship to be considered:

> Plaintiffs appear to argue that any mere theoretical possibility of recovery under local law – no matter how remote or fanciful – suffices to preclude removal. We reject this contention. As the cited authorities reflect, there must at least be arguably a *reasonable* basis for predicting that state law would allow recovery in order to preclude a finding of fraudulent joinder.

<u>Badon v. RJR Nabisco Inc.</u>, 236 F.3d 282, 286 & n.4 (5th Cir. 2000).[9]  <u>See also</u> <u>Rainwater v. Lamar Life Ins. Co.</u>, No. 2:01-CV-179PG, 2003 WL 397780 (S.D. Miss. Feb 14, 2003) (quoting <u>B., Inc. v. Miller Brewing</u>, 663 F.2d 545, 550 (5th Cir. 1981)) ("to determine that there is 'no possibility' of recovery, the district court must determine whether as 'a matter of law, there [is] no reasonable basis for predicting that the plaintiff might establish liability against a named in-state defendant in state court'").  To hold otherwise would gut the fraudulent joinder doctrine, which is essential to protecting a diverse defendant's right to a federal forum.

Federal jurisdiction exists unless there truly is a reasonable possibility of recovery against the Individual Defendants because, as the Fifth Circuit has observed, ". . . removal based on diversity of citizenship is a right conferred by Congress, the need for which may well be greatest when the plaintiff tries hardest to defeat it.'" <u>Grassi v. Ciba-Geigy, Ltd.</u>, 894 F.2d 181, 185 (5th Cir. 1990)

---

[9]<u>Badon</u> cited five other Fifth Circuit cases, spanning the past four decades, all making it clear that the "possibility" of viable claims must be a *reasonable* possibility.

(internal citation omitted).  It was to guard this right, and to protect federal jurisdiction, that the

United States Supreme Court developed the fraudulent joinder doctrine:

> While the plaintiff, in good faith, may proceed in the state courts
> upon a cause of action which he alleges to be joint, it is equally true
> that the Federal courts should not sanction devices intended to
> prevent a removal to a Federal court where one has that right, and
> should be equally vigilant to protect the right to proceed in the
> Federal court as to permit the state courts, in proper cases, to retain
> their own jurisdiction.

Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 185-86 (1907).

When Plaintiffs' Complaint is read as a whole, it is clear that the Individual Defendants are

not directly accused of any specific unlawful conduct, and that Plaintiffs instead allege that **Life of**

**Georgia** is guilty of a centralized scheme of intentionally discriminatory misconduct.  The policies

allegedly at issue are Life of Georgia policies, allegedly sold by its agents and employees, pursuant

to its alleged practice and policies.  Complaint, ¶¶ 2, 3, 67, 73, 79-81, 84, 90.  Therefore, Plaintiffs'

own allegations show that the Individual Defendants have been fraudulently joined, and that this

Court has diversity jurisdiction over this matter.  See Lewis v. Wyeth-Ayerst Pharm., Inc., Civil

Action No. 5:00CV102 LN (S.D. Miss. Sep. 25, 2000) (overall theme of complaint belied suggestion

of individual liability on the part of the non-diverse defendants).[10]

Defendants anticipate that Plaintiffs will try to argue that there is no fraudulent joinder in this

case pursuant to the holding in a recent Fifth Circuit decision, Smallwood v. Ill. Central R.R. Co.,

---

[10]Even if Plaintiffs' Complaint were to state a colorable claim against the Individual Defendants, "in testing for fraudulent joinder the district court in its discretion may 'pierce the pleadings'" and fraudulent joinder is established if summary judgment type evidence demonstrates that, "'as a matter of law, there [is] no reasonable basis for predicting that the Plaintiff might establish liability against a named in-state defendant in state court.'" Badon, supra, 224 F.3d at 389 n.10 (5th Cir. 2000) (quoting Burden v. General Dynamics Corp., 60 F.3d 213, 217 (5th Cir. 1995)); see also Coleman, 238 F. Supp. 2d at 809 (citing Cavallini, 44 F.3d at 256).  This type of evidence will be gathered through remand-related discovery.

342 F.3d 400 (5th Cir. 2003). <u>Smallwood</u> held that there could not be fraudulent joinder where the

diverse and the non-diverse defendants (who, unlike here, were not employer and employee) were

both entitled to the same defense (specifically, that a federal statute pre-empted the claims against

both). 342 F.3d at 405-6. <u>Smallwood</u> does not apply to a case such as this one, where the defenses

that preclude liability against the non-diverse defendants (<u>see</u> discussion <u>infra</u>) do not apply to the

diverse defendant. Nor does <u>Smallwood</u> apply where, as here, the Complaint makes no specific

factual allegations against the particular individuals named as non-diverse defendants. In sum,

<u>Smallwood</u> does not apply in this case because the arguments herein relate specifically to the

fraudulently joined Individual Defendants.

<b>ii.    There is no legal basis for any claim against the<br>Individual Defendants.</b>

Even if the Individual Defendants had some factual connection to the policies at issue in this

suit, none of the claims directed at the Individual Defendants would be actionable. The <u>Coleman</u>

case is particularly instructive on this point. There, as here, the claims asserted against the individual

defendants were fraud-based, and the court dismissed the claims against the individual defendants

because the "Plaintiffs failed to assert claims against the Individual Defendants for which recovery

may be awarded in state court." <u>See</u> <u>Coleman</u>, 238 F. Supp. 2d at 814. There, as here, the defenses

that precluded liability applied uniquely to the non-diverse, individual defendants.

<b>b.    Statute of Limitations/Laches</b>

The statute of limitations and the doctrine of laches would bar any possibility of recovery

against any Defendant in this case. However, while the Statute of Limitations is an issue that Life

of Georgia and the Individual Defendants have in common, it is not the same defense due to the

different theories of liability and the specific facts which relate to the claims against Defendants.[11]

Plaintiffs allege Life of Georgia engaged in a continuing pattern of fraudulent conduct by

failing to disclose information to Plaintiffs.  In contrast, the Individual Defendants are alleged to

have failed to disclose this information to Plaintiffs at the point of sale.  Any claim in Plaintiffs'

Complaint against the Individual Defendants arose, if at all, at the time Plaintiffs purchased their

policies, i.e., the point of sale.  Dunn v. Dent, 153 So. 798 (Miss. 1934).  Accord Stasher v. Union

Nat'l Life Ins. Co., No. 3:00-CV-58BN (S.D. Miss. March 29, 2000) (complaint alleging insurance

agents "fraudulently induced [plaintiff] to apply for and pay for" certain policies, and that "but for

[agents] solicitation and fraudulent representations, [plaintiff] would not have agreed to purchase

these policies" was barred by the statute of limitations because "any alleged fraudulent statements

made by [agent] in inducing [plaintiff] to purchase the policies 'were made at the time the policies

were purchased, seventeen years prior to filing'").[12]  This distinction is important because, on the one

hand, the Plaintiffs allege Life of Georgia had discriminatory policies and practices as an

institutional matter.  If this is true, and the Individual Defendants are accused of no more than

carrying out those alleged policies, then the Individual Defendants cannot, as a matter of law (as

discussed infra), be liable for their acts.  However, if the Individual Defendants independently

_____

[11]For example, Plaintiffs' claims for fraud against the Individual Defendants relate to the specific
representations, actions or inactions each Individual Defendant made.  Thus a highly fact-specific inquiry
that applies here.

[12]Plaintiffs' claims are subject to Mississippi's general three to six year statute of limitations.  Miss.
Code. § 15-1-49(1).  Section 15-2-49 applies a six year statute of limitations to all causes of action accruing
before March 12, 1990, and a three year limit to claims accruing on or after that date.  See Peters v.
Metropolitan Life Ins. Co., 164 F. Supp. 2d 830, 837-38 (S.D. Miss. 2001).  The distinction is meaningless
in this case because Plaintiffs' claims, if any, accrued decades ago, and would be barred by either limit.
Likewise, for the same reasons, the doctrine of laches bars their equitable claims.

committed illegal acts against any Plaintiff, then those acts were not the policy or practice of Life of Georgia and were not within the scope of any Individual Defendant's employment.  As such, while there is a statute of limitations defense for every Defendant in this case, the specific claims – legal and factual – to which that defense applies are strikingly different for each Defendant and are therefore outside the scope of the Smallwood holding.

Just last year, the Mississippi Supreme Court reaffirmed this long-standing principle.  In Stephens v. Equitable Life Assurance Soc'y, 850 So. 2d 78 (Miss. 2003), the plaintiffs brought suit alleging fraud and oral misrepresentations in connection with certain life insurance policies issued in 1972.  The Mississippi Supreme Court dismissed plaintiff's claims, finding that the alleged fraud occurred at the point of sale, and that since the purchases of the policies were made in 1972, the causes of action for fraud and misrepresentation accrued in 1972.  Id. at 83.

Plaintiffs' offhand reliance on a poorly articulated "fraudulent concealment" theory does not avoid the effect of the limitations period on the Individual Defendants.  The Complaint fails to allege the requisite elements to rely on a fraudulent concealment theory as to the Individual Defendants.  As set forth by the Mississippi Supreme Court in Stephens, "the plaintiffs have a two-fold obligation to demonstrate that (1) some affirmative act or conduct was done and prevented discovery of a claim, and (2) due diligence was performed on their part to discover it." Id. at 84.  See also Thomas v. Ford Motor Credit Corp., 1997 U.S. Dist. LEXIS 23024, at *5 (S.D. Miss.).  Nowhere in their Complaint is there even a hint that Plaintiffs exercised any diligence, much less due diligence, in connection with their alleged claims.  Additionally, when fraudulent concealment is "pled in a complaint, as the Plaintiffs have done in this case . . . the claims fall under the purview of 'fraud' claims that must be pled specifically under the requirements of Rule 9(b)." Coleman, 238 F. Supp. 2d at 813.  As is

- 19 -

more fully explained below, Plaintiffs have made no effort to plead the necessary elements of a fraud claim against any of the Individual Defendants.

Recently, the Fifth Circuit recognized and applied the rule and rationale expressed in Stephens and its predecessors, when the Court of Appeals affirmed the denial of remand in Ross v. Citifinancial, Inc., 344 F.3d 458 (5th Cir. 2003). The Fifth Circuit issued the Ross opinion after its ruling in Smallwood, implicitly recognizing that Smallwood does not apply in the context of fraud-type claims, which are necessarily dependent on facts and allegations specific to each Defendant.

Finally, any possible equitable claims against the Individual Defendants would be barred by the doctrine of laches. See Grant v. State, 686 So. 2d 1078, 1089 (Miss. 1996); see generally Holmberg v. Armbrecht, 327 U.S. 392, 396 (1946). In sum, both law and equity require that the stale and otherwise unviable claims against the Individual Defendants be dismissed as grossly untimely. Because they are properly dismissed, Plaintiffs' claims against the Individual Defendants have no reasonable chance of success.

c.      <strong>Specific Purported Causes of Action</strong>

i.      <strong>Fraud-Type Claims</strong>

While the Complaint nominally purports to allege fraudulent conduct by the Individual Defendants, it fails, as it must, to allege all nine elements of a fraud-type claim as to each. Plaintiffs' allegations therefore fail to state any fraud-type claim against the Individual Defendants as a matter of law because they fail to comply with Rule 9(b) of the Mississippi Rules of Civil Procedure. In Mississippi, "[t]he circumstances of the alleged fraud such as the time, place and contents of any

false representations or conduct must be stated." <u>Brabham</u>, <u>supra</u>,  483 So. 2d at 342; <u>see</u> <u>also</u>

<u>Allen v. Mac Tools, Inc.</u>, 671 So. 2d 636, 642 (Miss. 1996); <u>Coleman</u>, 238 F. Supp. 2d at 813.[13]

    Similarly, to the extent that Plaintiffs' Complaint attempts to state a claim for fraudulent

omission against the Individual Defendants, it fails because it does not allege facts that would give

rise to a duty to speak.  <u>Fidenas A.G. v. Honeywell, Inc.</u>, 501 F. Supp. 1029, 1039-40 (S.D.N.Y.

1980) (complaint failed to satisfy Rule 9(b) where it failed to allege a relationship between the

parties that would give rise to a duty to disclose); <u>Chrysler Credit Corp. v. Whitney Nat'l Bank</u>,

824 F. Supp. 587, 598 (E.D. La. 1993).  Nor does the Complaint allege "some action, affirmative

in nature" that each of the Individual Defendants committed, which is the <i>sine qua non</i> of a

misrepresentation claim based on omission or concealment.  <u>Rankin v. Brokman</u>, 502 So. 2d 644,

646 (Miss. 1987).  In any event, any such a claim would also be barred by the fact that the Individual

Defendants could not possibly have concealed from Plaintiffs the amount of the premiums that the

Plaintiffs themselves paid.  Any claimed reliance to the contrary would be unreasonable as a matter

of law.  <u>See</u>, <u>e.g.</u>, <u>Barhonovich v. American Nat'l Ins. Co.</u>, 947 F.2d 775, 778 (5th Cir. 1991) (as a

matter of law, insured's reliance on agent's claims were unreasonable); <u>American States Ins. Co. v.</u>

<u>Natchez Steam Laundry</u>, 131 F.3d 551, 555 (5th Cir. 1998); <u>Watson v. First Commonwealth Life</u>,

686 F. Supp. 153, 155 (S.D. Miss. 1988); <u>Titan Indem. Co. v. City of Brandon</u>, 27 F. Supp. 2d 693

(S.D. Miss. 1997); <u>Wayne Griffen & Sons, Inc. v. U.S.F.&G.</u>, No. 3:93CV97-B-A (N.D. Miss.

Jan. 9, 1995) (as a matter of law, insured's reliance on alleged misrepresentation was unreasonable);

<u>Pulmonary Advisory Servs., Inc. v. Aetna Life & Cas.</u>, No. 3:99CV913LN (S.D. Miss. May 19,

---

[13]Likewise, in federal court, "[a]t a minimum, Rule 9(b) requires allegations of the particulars of
time, place and contents of the false representations, as well as the identity of the person making the
misrepresentation and what he obtained thereby." <u>Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.</u>, 975 F.2d 1134,
1139 (5th Cir. 1992).

2000), p. 8 ("[I]t is clear beyond question that Plaintiffs' claim against the agents cannot possibly succeed for another reason urged by the defendants, namely, that Plaintiffs cannot prove that they reasonably relied on the agents' alleged misrepresentations that were contrary to the terms of the policy.").

Finally, when a Complaint alleges fraud on the part of two or more defendants, as Plaintiffs attempt to do, Rule 9(b) requires that a plaintiff *separately identify for each defendant* those facts alleged to give rise to a fraud claim. Thornton v. Micrografx, Inc., 878 F. Supp. 931, 938 (N.D. Tex. 1995). A complaint that "lump[s] together all of the Defendants in [its] allegations of fraud," and is "devoid of specific allegations with respect to the separate Defendants," is inadequate and fails to meet Rule 9(b) standards. Brooks v. Blue Cross and Blue Shield of Fla., Inc., 116 F.3d 1364, 1380-81 (11th Cir. 1997); see also Coleman, 238 F. Supp. 2d at 812 ("In short, the fraud claims in the Complaint are broad and general allegations which fail to identify the specifics of the fraudulent statements, the person(s) who made the statements, the person(s) to whom the statements were made, and the location(s) and time(s) at which the statements were allegedly made. Under these circumstances, the Court finds that Plaintiffs' fraud claims against the Individual Defendants . . . should be dismissed.").

In this case, Plaintiffs' Complaint does not set forth separate allegations against each of the Individual Defendants specifically. Rather, the Complaint alleges that Life of Georgia made fraudulent misrepresentations, but says nothing as to any specific Individual Defendant. Thus, Plaintiffs' Complaint cannot state independent fraud claims against all the Individual Defendants. Ross v. Citifinancial, supra.

- 22 -

### ii.    State Statutory Claims

The statutory claims under the Mississippi Insurance Code – Plaintiffs' so-called "Discrimi-nation Under Mississippi Law" claim – against the Individual Defendants are similarly baseless.[14] This Code section applies to insurance companies; the terms of the statute do not apply to agents in their individual capacities.[15] Accordingly, Plaintiffs' state statutory "discrimination" claim against the Individual Defendants cannot proceed as a matter of law.

### d.    Summary of Fraudulent Joinder.

Because there is no factual or legal possibility of recovery against them, the Individual Defendants have been fraudulently joined in this action.  As discussed above, it is apparent that Plaintiffs have not alleged any viable claims against the Individual Defendants.  Because the only reason Plaintiffs have named the non-resident Plaintiffs and the Individual Defendants is to attempt

---

[14]The Mississippi Insurance Code precludes insurance companies from making "any distinction or discrimination in favor of individuals of the same class and equal expectation of life in the amount of payments of rates charged for policies of life or endowment insurance."  Miss. Code § 83-5-37.

[15]As such, this is yet another instance where the Individual Defendants have a defense that does not apply to Life of Georgia.  There are defenses to Plaintiffs' state statutory claims, however, which are common to all Defendants.  First, the Mississippi Insurance Code does not provide a private right of action. Rather, the proper party to investigate and bring actions for alleged violations of the Insurance Code is the insurance commissioner, not individual Mississippi citizens.  See Miss. Code § 83-5-37; Watson v. First Commonwealth Life Ins. Co., 686 F. Supp. 153, 155 (S.D. Miss. 1988) (Mississippi Insurance Code provides no private right of action).  Plaintiffs' claims under the MCPA are also encompassed by the Insurance Code's regulation of unfair trade practices and deceptive acts.  Miss. Code § 83-5-29 (purpose of Insurance Code is to regulate insurance trade by defining and prohibiting unfair and deceptive trade practices); § 83-5-35 (defining unfair and deceptive trade practices by insurance companies and their agents).  This means Plaintiffs are required to engage in the dispute resolution proceedings required by the MCPA prior to bringing suit.  See Miss. Code § 75-24-15(2).  Upon information and belief, none of the Plaintiffs has done this.  Finally, even if the Plaintiffs satisfied the statutory prerequisites to bringing a private right of action under the MCPA, such an action would not be available for these particular Plaintiffs with respect to their insurance policies because the MCPA applies only to "goods or services."  Miss. Code § 75-24-15(1).  As a matter of law, insurance contracts are neither a "good" nor a "service."  See Burley v. Homeowners Warranty Corp., 773 F. Supp. 844, 863 (S.D. Miss. 1990) ("[T]he [insurance] policy at issue in the case at bar is not a 'good' or 'service'. . . .").

to destroy diversity, this Court should disregard the citizenship of the non-resident Plaintiffs and the Individual Defendants, and assert diversity jurisdiction over this matter.

### 2.    The Amount in Controversy Exceeds the Jurisdictional Minimum.

When the amount in controversy exceeds $75,000 and the named parties are completely diverse, a federal court may exercise jurisdiction pursuant to 28 U.S.C. § 1332.  See Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000).  In determining the amount in controversy, a district court should first look to the face of the complaint and "ask whether the amount in controversy was likely to exceed" the jurisdictional minimum.  Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995).  Although Plaintiffs' Complaint purports to seek only $74,500 (Complaint, ¶ 58) in damages for each Plaintiff, the repeated allegations of intentional, egregious, pervasive, systematic, and malicious misconduct, as well as Plaintiffs' request for punitive damages, make clear that the amount in controversy is well over $75,000.00.

When claims of a similar nature regularly exceed the jurisdictional minimum, courts often have looked past the plaintiffs' complaint in determining the amount in controversy.  See, e.g., Marcel v. Pool Co., 5 F.3d 81, 83-84 (5th Cir. 1993) (amount in controversy exceeded jurisdictional minimum, because plaintiffs with similar types of injuries were regularly awarded large awards).  Here, Plaintiffs seek actual and punitive damages.  (Complaint, Preamble, ¶ 58.)  Similar claims against insurance companies in Mississippi often involve significant punitive damages awards.  See, e.g., State Farm Mut. Auto. Ins. Co. v. Grimes, 722 So. 2d 637 (Miss. 1998) ($1.2 million award); Employers Mut. Cas. Co. v. Tompkins, 490 So. 2d 897 (Miss. 1986) ($400,000 award); Bankers

Life & Cas. Co. v. Crenshaw, 483 So. 254 (Miss. 1985) ($1.6 million award).[16] As such, Defendants submit that Plaintiffs' requested damages amount is $74,500 only so that Plaintiffs can attempt to avoid federal jurisdiction. If this Court were to remand this case, Plaintiffs would waste no time in seeking an amount much greater than $75,000. In fact, in order to prevent such forum shopping, the Fifth Circuit has held that a mere claim of an amount less than the jurisdictional limit in the Complaint is insufficient to prevent removal. DeAguilar v. Boeing Co., 47 F.3d 1404 (5th Cir. 1995) (absent state law limiting damages to amount requested in Complaint, plaintiff who seeks to prevent removal must file a binding stipulation or affidavit with Complaint). Plaintiffs have not submitted sworn testimony confirming an intent to accept damages below the jurisdictional limit. Unless and until each Plaintiff does so, removal on diversity grounds is proper.[17]

Moreover, Plaintiffs are seeking punitive damages. There are 121 Plaintiffs in this case, all alleging severe and pernicious racial discrimination. Accordingly, any claim for punitive damages can reasonably be expected to exceed a total of $75,000. This is very significant, because although the general rule is that the claimed individual damages of multiple plaintiffs may not be aggregated to reach the jurisdictional minimum, the collective nature of punitive damages under Mississippi law requires that the entire amount of punitive damages be aggregated, and that this whole amount be

---

[16]It is awards like these that have made Mississippi's state courts ". . . a mecca for Plaintiff's claims against out-of-state businesses . . . ." Arnold v. State Farm Fire and Cas. Co., 277 F.3d 772, 773 (5th Cir. 2001). In a case that is substantively similar to this case, recognition of these motives caused Judge Lee of the Southern District of Mississippi to hold that " . . . within the present climate of Mississippi tort law, it is facially apparent the Plaintiff's claims exceed the $75,000 jurisdictional amount." Johnson v. New England Mut. Life Ins. Co., et al., C.A. No. 4:03cv71LN, slip op., p. 5 (Sept. 4, 2003, S.D. Miss.) (citing, Arnold, supra, 277 F.3d at 775 n. 3). This Court should adopt Judge Lee's skepticism in considering the damages claims in this case.

[17]As mentioned previously, If Plaintiffs file a motion to remand, Defendants will seek to utilize remand-related discovery to determine from the Plaintiffs themselves whether any of them are in fact seeking more than $75,000.

counted toward each plaintiff's amount in controversy.  See Allen v. R&H Oil & Gas Co., 63 F.3d

1326, 1333-1135 (5th Cir. 1995).  An aggregated punitive damages amount can clearly be expected

to push the total amount in controversy over $75,000.

For each of the foregoing reasons, Defendants submit that the jurisdictional amount in

controversy limit is met in this case.

## IV.      CONCLUSION

Because Plaintiffs' Complaint raises a claim under 42 U.S.C. § 1981 or § 1982, this Court

has original federal question jurisdiction pursuant to 28 U.S.C. § 1331, and can exercise

supplemental jurisdiction over any arguably viable state claims pursuant to 28 U.S.C. § 1367.

Additionally, because Plaintiffs have fraudulently joined the Individual Defendants, and because the

true amount in controversy in this case clearly exceeds $75,000, this Court may properly exercise

diversity jurisdiction pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendants hereby remove this action from the Circuit Court of Adams

County, Mississippi to the United States Court for the Southern District of Mississippi, Western

Division.

Respectfully submitted, this the 13th day of February, 2004.

**LIFE INSURANCE COMPANY OF GEORGIA
PAUL NORRELL, RANDY BRITT, WALTER
MONTGOMERY and PAUL UPTON**


By: _____
      One of Their Attorneys

- 26 -

OF COUNSEL:

Robert L. Gibbs (MB #4816)
Sheldon G. Alston (MB #9784)
Claire W. Ketner (MB #99708)
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
1400 Trustmark Building
248 East Capitol Street (39201)
Post Office Drawer 119
Jackson, Mississippi  39205-0119
Telephone:  (601) 948-3101
Facsimile:  (601) 960-6902

Charles E. Griffin (MB #5015)
GRIFFIN & ASSOCIATES LAWYERS
125 So. Congress Street, Suite 1515 (39201)
Post Office Box 968
Jackson, Mississippi  39205-0968
Telephone:  (601) 354-0603
Facsimile:  (601) 354-0604

# IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

I, M. L. "Binkey" Vines, Circuit Clerk of Adams County, do hereby certify

that the following pages are certified copies of the original proceedings filed

in the case of  04 - KV - 0005 - J .

M.L. "Binkey" Vines
Circuit Clerk of Adam County

By: _____, D. C.



EXHIBIT

A

## IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

BILLIE A AULD AND      *
ALL PLAINTIFFS LISTED ON      *
ATTACHED EXHIBIT "A",      *
     *
vs.      *     CIVIL ACTION NO. *04-KV.0001-J*
     *
LIFE INSURANCE COMPANY OF      *
GEORGIA; HARVEY ADCOCK;      *
F ALLEGREZZA; EDWARD C BLAND; *
L BOONE; M R BOONE;      *
L BOONE, JR; TIMMY      *
BORGOGNONI; RANDY BRITT;      *
L BROWN; JANICE BULTON;      *
L H BUROI; BOBBY BYRNES;      *
BARBARA COOPER; J K M CRAIG;      *
PAUL R CUTTING; HENRY DAVIS;      *
TERRY W DAVIS; CLINTON      *
DICKERSON; HANK FAVAROTH;      *
JOHN FELTON; HOWARD      *
FOREMAN; HOWARD FULGHAM;      *
S GARNARD; MARVIN GIBBS;      *
JAMES GRAY; JOHN HAND;      *
JOHN HARRINGTON; ARNOLD      *
HENDERSON; E JACKSON;      *
GREGORY JACKSON; SHIRLEY      *
JENRETTE; BUBBA JOHNSON;      *
LES KING; OLIVER KING;      *
OLEVAR S KING; CRAIG KIRBY;      *
DAVIS LABELL; GREGG LANE;      *
J MALLY; IVY MANEY;      *
MAYO MANGUM; IVY MAUERY;      *
JAMES MAYS; RALPH G MAYS;      *
O W MCRAE; IVY MEMIY;      *
JOHN G MIMBS; WALTER      *
MONTGOMERY; WILLIAM      *
MONTGOMERY; PAUL NORRELL;      *
LARRY O'CONNER; LAWRENCE      *
M PHILLIPS; A PREWITT;      *
COCHRAN PRICE; MAXINE SALLEY; *
CHARLES SMITH; CLIDE SMITH;      *
CLYDE W SMITH; CURTIS SMITH;      *
LESLIE SMITH; LISA THOMPSON;      *
PAUL UPTON; GILBERT WALDEN;      *

RECEIVED
AND FILED

JAN 0 5 2003

M.L. VINES CIRCUIT CLERK
BY_____D.C.

CERTIFIED
TRUE COPY

JAN 1 5 2004

M.L. VINES CIRCUIT CLERK
BY_____D.C.

B WALK; HAROLD WALLEY;                          *
BEN WALTMAN; JAMES WATSON;                       *
PAUL WATSON; SAM WHITAKE;                         *
PENNY WOMBLE;  and                               *
JOHN DOE 1-500, who are those                    *
persons, firms, corporations,                    *
associations, proprietorships, or other          *
entities whose names and identities              *
are otherwise unknown at this time by            *
the Plaintiffs,  but who will be added by        *
amendment when ascertained and                   *
who participated in the rating,                  *
developing, selling, servicing,                  *
handling, collection on and/or canceling         *
of certain insurance policies of Plaintiffs      *
and/or who participated in acts or               *
omissions that caused damage to                  *
policies of Plaintiffs and/or who took           *
and/or converted for their own uses             *
money from Plaintiffs' policies and/or           *
who engaged in a conspiracy                      *
or participated in acts or omissions             *
which involved said policies and/or              *
who participated in a cover-up or                *
conspiracy of silence to withhold               *
from the Plaintiffs information about            *
the Plaintiffs' policies and including           *
but not limited too the different and            *
discriminatory rates being charged               *
Plaintiffs and others because of their           *
race, and the other products that were           *
more beneficial and reasonable in                *
pricing which could have been sold to            *
Plaintiffs but was not,

      Defendants.

**CERTIFIED TRUE COPY**
JAN 15 2004
M.L. VINES, CIRCUIT CLERK
BY

## COMPLAINT
### Preamble

Plaintiffs bring this Complaint solely under state law and not under federal law, and

2

specifically not under the United States Constitution, or any of its amendments, or under 42 USC

§ 1981 or 1982, or any other federal statute, law, rule, or regulation.  Plaintiffs believe and allege

that a cause of action exists under the hereinafter set out state law claims for the conduct

complained of herein.  Federal anti-discrimination laws do not preempt the states for acting under

their own common law to protect their citizen from pernicious discrimination and the other

activities such as alleged in this complaint; any suggestion to the contrary would be frivolous.

This is a lawsuit seeking actual and punitive damages, and attorneys' fees and costs, for fraud

and fraudulent inducement, for breach of the duty of good faith and fair dealing, for tortious

breach of contract, for breach of fiduciary duty, for assumpsit or money had and received, unjust

enrichment and imposition of a constructive trust, for negligence and/or gross negligence, for

violation of Miss. Code Ann § 83-7-3 (prohibiting discrimination by life insurance companies in

the assessing of premiums to its policyholders), and for violation of the Mississippi Consumer

Protection Act (Miss. Code Ann. 75-24-1, *et seq*), and for conversion, all arising out of the sale

and handling of certain insurance policies sold and issued to Plaintiffs by Defendants Life

Insurance Company of Georgia, Harvey Adcock, F Allegrezza, Edward C Bland, L Boone, M R

Boone, L Boone, Jr, Timmy Borgognoni, Randy Britt, L Brown, Janice Bulton, L H Buroi,

Bobby Byrnes, Barbara Cooper, J K M Craig, Paul R Cutting, Henry Davis, Terry W Davis,

Clinton Dickerson, Hank Favaroth, John Felton, Howard Foreman, Howard Fulgham, S Garnard,

Marvin Gibbs, James Gray, John Hand, John Harrington, Arnold Henderson, E Jackson, Gregory

Jackson, Shirley Jenrette, Bubba Johnson, Les King, Oliver King, Olevar S King, Craig Kirby,

Davis Labell, Gregg Lane, J Mally, Ivy Maney, Mayo Mangum, Ivy Mauery, James Mays, Ralph

G Mays, O W Mcrae, Ivy Memiy, John G Mimbs, Walter Montgomery, William Montgomery,

3

Paul Norrell, Larry O'Conner, Lawrence M Phillips, A Prewitt, Cochran Price, Maxine Salley, Charles Smith, Clide Smith, Clyde W Smith, Curtis Smith, Leslie Smith, Lisa Thompson, Paul Upton, Gilbert Walden, B Walk, Harold Walley, Ben Waltman, James Watson, Paul Watson, Sam Whitake, Penny Womble, and John Does 1-500.

## **PARTIES**

1.      The name, address, and policy number of Plaintiffs who are insured under the Defendants policies are set forth on Table A, attached to this Complaint.  Said table is incorporated into this Complaint as if fully set forth herein.

2.      Defendant, LIFE INSURANCE COMPANY OF GEORGIA, ("Life of Georgia") is a foreign corporation, which conducts substantial business in the State of Mississippi, and which has appointed C T Corporation System, 1201 Peachtree Street, Northeast, Atlanta, Georgia, 30361, as its agent for service of process.  That at all material times, the Defendant Life of Georgia was conducting business by and through various agents or employees, including Unitrin and the individual defendants, acting in managerial capacities within the purpose and scope of their agency or employment as well as in their individual capacity.  The acts and conduct alleged herein of such individual defendants were known to, authorized and ratified by the corporate Defendant Life of Georgia and also violated duties owed to the Plaintiffs by the individual defendants.

3.      Defendants John Doe 1-500, are those persons, firms, corporations, associations, proprietorships, or other entities whose names and identities are otherwise unknown at this time by the Plaintiffs, but who will be added by amendment when ascertained and who participated in the ratings, developing, selling, servicing, handling, collection on and/or canceling of certain

insurance policies of Plaintiffs and/or who participated in acts or omissions that caused damage to policies of Plaintiffs and/or who took and/or converted for their own uses money from Plaintiffs policies and/or who engaged in a conspiracy or participated in acts or omissions which involved said policies and/or who participated in a cover up or conspiracy of silence to with hold from the Plaintiffs information about the Plaintiffs' policies and including but not limited to the different and discriminatory rates being charged Plaintiffs because of their race, and the other products that were more beneficial and reasonable in pricing which could have been sold to Plaintiffs but were not.

4.      Defendant Harvey Adcock  is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

5.      Defendant F. Allegrezza is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

6.      Defendant Edward C. Bland  is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

7.      Defendant L. Boone is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

8.      Defendant L. Boone, Jr.  is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

9.      Defendant M. R. Boone is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

10.     Defendant Timmy Borgognoni is an adult resident citizen of Mississippi whose address for service is unknown at this time.

5

11.     Defendant Randy Britt is an adult resident citizen of Mississippi, whose address for service is 2358 Blue Bird Drive, Greenville, Mississippi, 38701-8105..

12.     Defendant L. Brown is an adult resident citizen of Mississippi, whose address for service of process is unknown at this time.

13.     Defendant Janice Bulton is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

14.     Defendant L. H. Buroi is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

15.     Defendant Bobby Byrnes  is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

16.     Defendant Barbara Cooper is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

17.     Defendant J. K. M. Craig  is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

18.     Defendant Paul R. Cutting is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

19.     Defendant Henry Davis is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

20.     Defendant Terry W. Davis  is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

21.     Defendant Clinton Dickerson is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

22.     Defendant Hank Favaroth is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

23.     Defendant John Felton is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

24.     Defendant Howard Foreman is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

25.     Defendant Howard Fulgham is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

26.     Defendant S. Garnard is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

27.     Defendant Marvin Gibbs is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

28.     Defendant James Gray is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

29.     Defendant John Hand is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

30.     Defendant John Harrington is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

31.     Defendant Arnold Henderson is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

32.     Defendant E. Jackson  is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

7

33.     Defendant Gregory Jackson is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

34.     Defendant Shirley Jenrette is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

35.     Defendant Bubba Johnson is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

36.     Defendant Les King is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

37.     Defendant Oliver King is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

38.     Defendant Olevar S. King is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

39.     Defendant Craig Kirby is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

40.     Defendant Davis Labell is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

41.     Defendant Gregg Lane  is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

42.     Defendant J Mally is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

43.     Defendant Ivy Maney is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

8

44.     Defendant Mayo Mangum is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

45.     Defendant Ivy Mauery is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

46.     Defendant James Mays is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

47.     Defendant Ralph G. Mays is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

48.     Defendant O. W. McRae is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

49.     Defendant Ivy Memiy is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

50.     Defendant John G. Mimbs is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

51.     Defendant Walter Montgomery is an adult resident citizen of Mississippi, whose address for service is 4582 Hebron Road, Lexington, Mississippi, 39095-9731.

52.     Defendant William Montgomery is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

53.     Defendant Paul Norrell is an adult resident citizen of Mississippi, whose address for service is 1583 South Main Street, Greenville, Mississippi, 38701-7008.

54.     Defendant Larry O'Conner is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

9

55.     Defendant Lawrence M. Phillips  is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

56.     Defendant A Prewitt is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

57.     Defendant Cochran Price is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

58.     Defendant Maxine Salley is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

59.     Defendant Charles Smith is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

60.     Defendant Clide Smith is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

61.     Defendant Clyde W. Smith is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

62.     Defendant Curtis Smith is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

63.     Defendant Leslie Smith is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

64.     Defendant Lisa Thompson is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

65.     Defendant Paul Upton is an adult resident citizen of Mississippi, whose address for service is 1011 Anniston Avenue, Gulfport, Mississippi, 39507-2742.

10

66.     Defendant Gilbert Walden is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

67.     Defendant B. Walk is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

68.     Defendant Harold Walley  is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

69.     Defendant Ben Waltman is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

70.     Defendant James Watson is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

71.     Defendant Paul Watson is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

72.     Defendant Sam Whitake is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

73.     Defendant Penny Womble is an adult resident citizen of Mississippi, whose address for service is unknown at this time.

## JURISDICTION AND VENUE

74.     This Court has subject matter and personal jurisdiction over the parties to this cause of action.  Plaintiffs bring this Complaint solely under state law and not under federal law, and specifically not under the United States Constitution, or any of its amendments, or under 42 USC § 1981 or 1982, or any other federal statute, law, or regulation.  Plaintiffs believe and allege that a cause of action exists under the hereinafter set out state law claims for the conduct

11

complained of herein.  Federal anti-discrimination laws have not pre-empted the states from acting under their own common law to protect their citizens from pernicious racial discriminationan such as alleged in this complaint; any suggestion to the contrary would be frivolous based on the following rulings from Mississippi federal district courts:

(a)  *Willis, et al. v. Life Ins. Co. of Georgia, et al.*, No. 4:00cv323PB (N.D. Miss. May 30, 2001);

(b)  *McDonald, et al. v. Life Ins. Co. of Georgia, et al.*, No. 5:01cv38WS (S.D. Miss. May 30, 2001);

(c)  *Davenport, et al. v. Mutual Savings Life Ins. Co., et al.*, No. 5:01cv64BrS (S.D. Miss. June 21, 2001).

75.  The individual amount in controversy as to each individual Plaintiff does not exceed $74,500, including interest, any award of attorneys fees, costs, restitution and treble or punitive damages.  Plaintiffs specifically disclaim any recovery greater than $74,500.00, including compensatory damages, treble damages, punitive damages, restitution and awardable attorneys fees and costs.  Plaintiffs categorically limit their total claims to $74,500.00 per Plaintiff.

76.  Venue is proper in this Court under Miss. Code Ann. § 11-11-3 and Mississippi Rules of Civil Procedure 20.

## FACTS AND ALLEGATIONS

77.  Plaintiffs are unsophisticated in insurance matters and at all material times hereto relied on defendants to properly advise them.

78.  Plaintiffs are Black-Americans.

12

79.     Between the years of 1941 (or earlier) and the present, Plaintiffs were sold policies of insurance to cover hospital, accident and death expenses.  Plaintiffs were sold policies, including low value and/or industrial insurance policies.  The policies were sold on the debit route system, and the agents collected the premiums at the Plaintiffs' home on a monthly and/or weekly basis.  The policies subject to this litigation are set forth on Exhibit "A" attached hereto.

80.     The Defendants held a relationship of trust with Plaintiffs and fiduciary trust obligations because Defendants as insurers, are subject to higher and more stringent standards of conduct.  The Defendants cultivated a relationship of trust and confidence with Plaintiffs through Defendants' debit collection system of visiting at their home personally each week/month when Defendants collected the payments, and through their marketing, sales literature, and sales presentations and servicing of the policies sold to Plaintiffs.   The Defendants further held themselves out as experts in life insurance and knowledgeable about the premium rates appropriate for the policies, the types of policies that best suited Plaintiffs, and the advantages and disadvantages of purchasing certain of Defendants' products.  The Defendants additionally encouraged Plaintiffs to rely on Defendants' expertise in  this area, knowing they lacked knowledge of the sophisticated pricing and rating structures used by Defendants.

81.     Further, the Defendants, while acting in fiduciary positions of trust to Plaintiffs made the following fraudulent misrepresentations and/or omissions of fact and/or failed to disclose to them the following material facts:

> (a)     That certain products sold by the Defendants, which would have benefitted the Plaintiffs, were not offered to Black Americans;

13

(b)     Plaintiffs' selection of product(s) to be purchased was internally limited by the Defendants because of the Plaintiffs' race and color;

(c)     The low value product(s) sold to Plaintiffs were intentionally offered in order to induce Plaintiffs to purchase a number of them because the premiums separately appeared low and reasonable, but together, the premiums were not low and were not reasonable, and were in fact higher than what would have been paid for comparable coverage by Caucasian Americans;

(d)     The premiums charged Black Americans were actually more than Caucasian Americans, and were based on different rate factors and different rate manuals and books;

(e)     Defendants additionally based higher premiums for Blacks on "socio-economic" factors and underwriting where premiums were raised based purportedly on occupation, social traits and living conditions all the while being disguised, but actually being racial discrimination;

(f)     The products sold to the Plaintiffs were unconscionable products that were calculated to generate profits to Defendants and commissions to its agents with little attending risk to Defendants and with virtually no value to the Plaintiffs;

(g)     The premiums charged by the Defendants were exorbitant in relation to the minimal death benefits actually afforded to Plaintiffs and the risk costs to the Defendants;

(h)     The policies marketed and sold to the Black-Americans are inferior to other insurance products sold by Defendants and other similar types of insurance companies to Caucasians;

(i)     That Plaintiffs were paying more in premiums and obtaining less in benefits because of their race;

(j)     Defendants used different mortality tables/rates for Black-Americans in order to charge them more and higher premiums on their insurance;

(k)     That the mortality tables/rates were used as a pretext by Defendants to justify offering certain, lesser/inferior quality insurance products to Black-Americans only;

(l)     That in later years (after the 1960s), the Defendants continued to

14

discriminate against Plaintiffs using so-called socio-economic reasons such as job categories and neighborhoods, that were typically held by a majority of the minority segments of society;

(m)     That Defendants were and do still in fact target low income, impoverished, unsophisticated and minority segments of the population and market the policies for sale to these persons;

(n)     That the charging and collecting of premium payments from Black-Americans which were higher than the premiums paid by similarly situated Caucasians with the Defendants or other similarly situated companies, was expressly prohibited by the applicable insurance laws, statutes of Mississippi, and the applicable insurance regulations;

(o)     That the actions of the Defendants were considered unfair trade practices and discriminatory;

82.     Said failures to disclose were made with the intention to deceive the Plaintiffs and did so deceive them to their detriment and damage.   Had there been full and complete disclosure to the Plaintiffs about what they were purchasing, what was or should have been available to them for purchase, and how the products performed, the Plaintiffs would not have purchased the products from the Defendants.

83.     The Defendants stood in fiduciary positions of trust to the Plaintiffs in regard to matters relating to their insurance investments, and the representations of the Defendants made to Plaintiffs about said policies were false, and made by the Defendants with knowledge of their falseness.

84.     The Defendants developed and pursued a scheme of racial discrimination and deceptive and wrongful sales practices relating to the marketing, sale and administration of particular types of insurance policies, particularly low value life and industrial life to Black-Americans, and further, actively concealed the racial discrimination which occurred and was

occurring at the time of the Plaintiffs' purchases and ownership of the policies. The Defendants never disclosed that the products and the rates it offered to Plaintiffs were higher than the rates offered to Caucasians by the Defendants and other similarly situated companies, and not as good polices as offered to Caucasians.

85.     Plaintiffs allege that various regulations of the Mississippi Department of Insurance and various states statutes were not followed, complied with and/or were violated by the Defendants prior to the sales, at the time of the sales, and/or at the deliveries of the policies involved in this action, including but not limited to Regulations 67-1, 74-3, and 81-001, and Miss. Code Ann. §§ 83-5-33, 83-5-35, 83-7-3, 83-7-115.

86.     Plaintiffs further allege that the above was done for the purpose of and with the intent to deceive the Plaintiffs and to cause the Plaintiffs to purchase the policies involved in this action. Said failure to comply with such regulations was fraudulently done with the intent to induce or cause and did induce or cause the Plaintiffs to purchase the policies involved in this litigation, which proximately resulted in damage to Plaintiffs, as set out in this Complaint.

87.     Plaintiffs allege that, in connection with the fraudulent conduct on the part of the Defendants, said Defendants, separately and severally, consciously or deliberately engaged in oppression, fraud, conspiracy to commit fraud, with regard to the Plaintiffs.

88.     Said actions/inactions alleged herein were originated in part and/or in whole by Defendants and put into action through their agents, servants, and/or employees to induce potential insureds such as Plaintiffs to purchase Life Insurance Company of Georgia products.

89.     Further, Plaintiffs allege that the acts and omissions of Defendants were part of a plan, scheme, pattern and practice of all Defendants to misrepresent facts to Plaintiffs and

suppress and conceal facts from Plaintiffs, and that said Defendants have participated in and accomplished the same and/or similar type of actions and inactions on others prior and subsequent to Plaintiffs.

90.     Defendants Life Insurance Company of Georgia and Defendants John Doe 1-500, with respect to their agents, employees, and servants, either:

(a)     Knew or should have known of the unfitness of the agents, employees or servants and employed them or continued to employ them, or use their services without proper instruction with disregard to the rights and financial safety and security of the Plaintiffs;

(b)     Authorized the wrongful conduct;

(c)     Ratified the wrongful conduct; and/or

(d)     The acts of said agents, servants or employees were calculated to and did benefit said Defendants.

91.     Plaintiffs allege that the acts or omissions of the Defendants as aforesaid were malicious, and that the Defendants deliberately omitted and/or failed to disclose same to Plaintiffs.  Defendants' actions were intentional and wrongful and were done without just cause or excuse with the intent to injure the Plaintiffs.  The acts or omissions of the Defendants were oppressive and Defendants deliberately omitted and/or failed to disclose to the Plaintiffs the aforesaid material facts.  The acts or omissions of the Defendants were oppressive because they subjected the Plaintiffs to cruel and unjust hardship with conscious disregard for the rights of the Plaintiffs.  Plaintiffs allege that the Defendants' conduct constituted a pattern or practice of fraudulent acts or omissions.

92.     Plaintiffs were not aware of and did not have facts before them to discover the

17

frauds as alleged herein.  Plaintiffs were not sophisticated and knowledgeable in the insurance

business and its phrases and terms and was unable to understand the meaning and/or significance

of same.  Further, Plaintiffs were not capable of reading and comprehending said insurance

papers and/or documents.

93.      As a proximate consequence of Defendants' actions and inactions, Plaintiffs have

been damaged in that they lost much money as payments on their policies; they lost the ability to

purchase the products they were told and/or thought they were purchasing; have lost the ability to

purchase life insurance at the same price as it could have been purchased when the policies were

purchased; suffered extreme emotional distress and/or mental anguish.

**COUNT ONE**

**(Fraudulent Misrepresentation)**

94.      Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as

though fully set forth in detail herein.

95.      Plaintiffs bring this action against the Defendants for willful misrepresentation

under Mississippi law.

96.      Plaintiffs allege that the Defendants made false representations and/or omissions

of fact to the Plaintiffs concerning existing material facts as indicated herein, and that such

representations and/or omissions of fact were made with knowledge or belief on the part of the

Defendants that said representations and omissions of fact were false.  Said representations

and/or omissions of fact were made by the Defendants with the intent to induce the Plaintiffs to

18

act, and Plaintiffs did in fact rely upon these representations and/or omissions of fact and acted to their detriment.

97.    As a proximate consequence of said willful misrepresentations of the Defendants, Plaintiffs suffered damages as stated above.

## COUNT TWO

### (Reckless Misrepresentation)

98.    Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

99.    Plaintiffs bring this action against the Defendants for reckless misrepresentation under Mississippi law.

100.    Plaintiffs allege that the Defendants made reckless misrepresentations and/or omissions of fact to the Plaintiffs concerning existing material facts and that said representations and/or omissions of fact were made by the Defendants recklessly or without sufficient information.  Such reckless misrepresentations and/or omissions of fact were made with the intent to induce the Plaintiffs to act, and Plaintiffs relied on said representations and/or omissions of fact to act to their detriment.

101.    As a proximate consequence of said reckless misrepresentations of Defendants, Plaintiffs suffered damages as stated above.

## COUNT THREE

### (Innocent Misrepresentation)

102.    Plaintiffs hereby re-allege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

19

103.    Plaintiffs bring this action for innocent misrepresentation under Mississippi law.

104.    Plaintiffs allege that the Defendants made innocent misrepresentations and/or omissions of fact concerning existing material facts.  Said misrepresentations and/or omissions of fact were made by the Defendants with the intent to induce the Plaintiffs to act, and the Plaintiffs did in fact rely on these representations and/or omissions of fact to their detriment.

105.    As a proximate consequence of the innocent misrepresentations of Defendants, Plaintiffs suffered damages as stated above.

## COUNT FOUR

### (Fraudulent Concealment and Suppression)

106.    Plaintiffs re-allege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

107.    Plaintiffs bring this action for fraudulent concealment and suppression.

108.    Plaintiffs allege that the Defendants fraudulently concealed and suppressed material facts which Defendants had a duty to and were obligated to communicate to the Plaintiffs within the meaning of Mississippi law.

109.    Plaintiffs allege that the Defendants had superior knowledge and/or expertise of investment/insurance matters which were not shared by the Plaintiffs, and that Defendants seized upon Plaintiffs' lack of knowledge of investment/insurance matters to sell Plaintiffs insurance which Plaintiffs would not have otherwise purchased if they had full and complete knowledge of the terms of the policies.

110.    Plaintiffs suffered damages as stated herein above.

## COUNT FIVE

**(Discrimination Under Mississippi Law)**

111.    Plaintiffs re-allege and incorporate by reference all paragraphs above as though fully set forth in detail herein.

112.    Plaintiffs are Black-Americans, and Defendants did discriminate against them because of their race in violation of Mississippi statutory law; specifically including but not limited to, Miss. Code Ann., §§ 83-5-33, 83-5-35, 83-7-3, 83-7-115, (1972).

113.    Defendants did engage in unfair, discriminatory trade practices in the business of insurance as stated herein above, and did make and permit unfair discrimination between individuals of the same class and equal expectation of life in the rates charged for contracts of life insurance and in the benefits payable, and other terms and conditions of such contract.

114.    As a proximate consequence of said discrimination and unfair trade practices and violations of the above statutory sections, Plaintiffs suffered damage as stated herein above.

**PLAINTIFFS' PRAYER FOR RELIEF AS TO ALL COUNTS HEREIN**

**WHEREFORE,** Plaintiffs demand judgment in their favor, individually against all Defendants, jointly and severally, in the amount of $74,500.00 for any and all damages, plus costs and interest.

RAMSEY LAW FIRM, P.C.

BY: _____

JOHN A. PIAZZA  (Ms. Bar #100333)
Attorney for Plaintiffs

Of Counsel:

C.E. Sorey, II. (Ms. Bar #7692)
21 N. Florida Street
Mobile, Alabama 36607
(251) 479-5655

21

**PLAINTIFFS RESPECTFULLY REQUEST A TRIAL BY JURY AS TO ALL COUNTS.**

The Plaintiffs will serve the Defendant, LIFE INSURANCE COMPANY OF GEORGIA, at the following address by certified mail, return receipt requested, upon receipt of the signed summons:

Life Insurance Company of Georgia
c/o CT Corporation System
1201 Peachtree Street, Northeast
Atlanta, GA 30361

The Plaintiffs will serve the Defendant, RANDY BRITT, at the following address by certified mail, return receipt requested, upon receipt of the signed summons:

Randy Britt
2358 Blue Bird Drive
Greenville, MS 38701-8101

The Plaintiffs will serve the Defendant, WALTER MONTGOMERY, at the following address by certified mail, return receipt requested, upon receipt of the signed summons:

Walter Montgomery
4582 Hebron Road
Lexington, MS 39095-9731

The Plaintiffs will serve the Defendant, PAUL NORRELL, at the following address by certified mail, return receipt requested, upon receipt of the signed summons:

Paul Norrell
1583 South Main Street
Greenville, MS 38701-7008

The Plaintiffs will serve the Defendant, PAUL UPTON, at the following address by certified mail, return receipt requested, upon receipt of the signed summons:

Paul Upton
1011 Anniston Avenue
Gulfport, MS 39507-2742

Life of Georgia
Exhibit A

| No. | Name | Address | City | County | ST | Zip | Policy # | Policy Count |
|---|---|---|---|---|---|---|---|---|
| 1 | Deborah F. Allaire | 7050 Laverne Drive | Mobile | Mobile | AL | 36618 | | 1 |
| 2 | Floree Anderson by Dianne Anderson | 821 Cavley Cove | Greenville | Washington | MS | 38701 | LOST POLICIES | 2 |
| 3 | Jane Maclin Andrews | 2620 Queen M. Johnson Rd. | Lexington | Holmes | MS | 39095 | ████1024 | 3 |
| 4 | Wesley L. Atterberry | 813 Graham St. | Ellisville | Jones | MS | 39437 | ████0408 | 4 |
| | | | | | | | ████1447 | 5 |
| | | | | | | | ████1448 | 6 |
| 5 | Billie A. Auld | 118 Melrose Avenue | Natchez | Adams | MS | 39120 | ████5517 | 7 |
| | | | | | | | ████5516 | 8 |
| | | | | | | | ████6225 | 9 |
| | | | | | | | ████6228 | 10 |
| 6 | Lestine Avant | 5160 Thyatira Rd | Como | Tate | MS | 38619 | ████2259 | 11 |
| 7 | Alvin & Brenda Bacon | 10 Oscar St | Natchez | Adams | MS | 39120 | ████5378 | 12 |
| | | | | | | | ████0239 | 13 |
| | | | | | | | ████9188 | 14 |
| | | | | | | | ████2032 | 15 |
| | | | | | | | ████8310 | 16 |
| | | | | | | | ████7686 | 17 |
| 8 | Vera Davis Ballard | PO Box 506 | Fayette | Jefferson | MS | 39069 | ████6694 | 18 |
| | | | | | | | ████6695 | 19 |
| | | | | | | | ████6696 | 20 |
| 9 | Catherine Barnes by Cassie Price | 719 South Maple | Laurel | Jones | MS | 39443 | ████0447 | 21 |
| | | | | | | | LOST POLICIES | 22 |
| | | | | | | | ████9944 | 23 |
| | | | | | | | ████6809 | 24 |
| | | | | | | | ████8700 | 25 |
| | | | | | | | ████4959 | 26 |
| | | | | | | | ████5344 | 27 |
| 10 | Marian Barnes | PO Box 873 | Laurel | Jones | MS | 39441 | ████7397 | 28 |
| | | | | | | | ████7403 | 29 |
| | | | | | | | ████7398 | 30 |
| | | | | | | | ████7404 | 31 |
| | | | | | | | ████1036 | 32 |
| | | | | | | | ████7400 | 33 |
| | | | | | | | ████7401 | 34 |
| | | | | | | | ████6451 | 35 |
| 11 | Annie L. Beasley | PO Box 322 | Collins | | MS | 39428 | ████6099 | 36 |
| | | | | | | | ████3915 | 37 |
| | | | | | | | ████6100 | 38 |
| | | | | | | | ████3431 | 39 |
| | | | | | | | ████4322 | 40 |
| | | | | | | | ████0533 | 41 |
| | | | | | | | ████9000 | 42 |
| | | | | | | | ████9046 | 43 |
| | | | | | | | ████6576 | 44 |

Life of Georgia
Exhibit A

| No. | Name | Address | City | County | ST | Zip | Policy # | Policy Count |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | ▓4088 | 45 |
| | | | | | | | ▓4252 | 46 |
| 12 | Earnestine B. Bell | 408 Erie St | Jackson | Hinds | MS | 39203 | ▓7158 | 47 |
| 13 | Willie Mae Bennett | 2024 Michigan Street | Greenville | Washington | MS | 38702 | ▓7649 | 48 |
| 14 | Marsha A. Bester | 223 Jarvis St | Laurel | Jones | MS | 39440 | ▓2511 | 49 |
| | | | | | | | ▓6263 | 50 |
| | | | | | | | ▓9888 | 51 |
| 15 | Marsha G. Bester | 114 South Joe Wheeler St | Laurel | Jones | MS | 39440 | ▓8880 | 52 |
| | | | | | | | ▓3708 | 53 |
| 16 | Preston Bester Jr | 20 Vester Rd | Laurel | Jones | MS | 39440 | ▓9672 | 54 |
| | | | | | | | ▓7365 | 55 |
| | | | | | | | ▓7364 | 56 |
| | | | | | | | ▓8862 | 57 |
| 17 | Preston Bester Sr | 114 South Joe Wheeler St | Laurel | Jones | MS | 39440 | ▓8500 | 58 |
| | | | | | | | ▓0507 | 59 |
| 18 | Lucille Black | PO Box 393 | Como | Panola | MS | 39619 | ▓4714 | 60 |
| | | | | | | | ▓2242 | 61 |
| | | | | | | | ▓6930 | 62 |
| | | | | | | | ▓9998 | 63 |
| | | | | | | | ▓9999 | 64 |
| | | | | | | | ▓0000 | 65 |
| | | | | | | | ▓0001 | 66 |
| | | | | | | | ▓0002 | 67 |
| | | | | | | | ▓0003 | 68 |
| | | | | | | | ▓0004 | 69 |
| 19 | Carl W Blakely | 939 South Maple | Laurel | | MS | 39440 | ▓0541 | 70 |
| 20 | Gerald Bland | 419 Haas St. | Vicksburg | Warren | MS | 39180 | ▓6242 | 71 |
| | | | | | | | ▓3462 | 72 |
| | | | | | | | ▓3465 | 73 |
| 21 | Dow H. Bourland | 607 Melrose Montebello Pkway | Natchez | Adams | MS | 39120 | ▓1972 | 74 |
| | | | | | | | ▓3596 | 75 |
| 22 | Vernell Boykin | 1310 Simmons St | Laurel | Jones | MS | 39440 | ▓9052 | 76 |
| | | | | | | | ▓8212 | 77 |
| | | | | | | | ▓9051 | 78 |
| | | | | | | | ▓9050 | 79 |
| | | | | | | | ▓7598 | 80 |
| | | | | | | | ▓7625 | 81 |
| | | | | | | | ▓7624 | 82 |
| | | | | | | | ▓5634 | 83 |
| | | | | | | | ▓5635 | 84 |
| | | | | | | | ▓0318 | 85 |
| | | | | | | | ▓0319 | 86 |
| | | | | | | | ▓2787 | 87 |
| | | | | | | | ▓0317 | 88 |
| | | | | | | | ▓5072 | 89 |
| | | | | | | | ▓7597 | 90 |

Life of Georgia
Exhibit A

| No. | Name | Address | City | County | ST | Zip | Policy # | Policy Count |
|-----|------|---------|------|--------|-----|-----|----------|--------------|
| | | | | | | | 8214 | 91 |
| | | | | | | | 7596 | 92 |
| | | | | | | | 0319 | 93 |
| | | | | | | | 7623 | 94 |
| | | | | | | | 4288 | 95 |
| | | | | | | | 1163 | 96 |
| | | | | | | | 2394 | 97 |
| | | | | | | | 5424 | 98 |
| | | | | | | | 9848 | 99 |
| 23 | Jessie Breland | 1907 General Pershing | Laurel | | MS | 39440 | 7586 | 100 |
| | | | | | | | 5497 | 101 |
| | | | | | | | 5497 | 102 |
| | | | | | | | 5497 | 103 |
| | | | | | | | 9943 | 104 |
| | | | | | | | 3869 | 105 |
| | | | | | | | 0267 | 106 |
| | | | | | | | 1105 | 107 |
| | | | | | | | 1103 | 108 |
| | | | | | | | 0268 | 109 |
| | | | | | | | 1114 | 110 |
| | | | | | | | 1113 | 111 |
| | | | | | | | 1115 | 112 |
| | | | | | | | 3534 | 113 |
| | | | | | | | 1116 | 114 |
| 24 | Roxie Breland | 1207 Wheaton St. | Laurel | Jones | MS | 39440 | 1404 | 115 |
| 25 | Lee H. Brooks | PO Box 404 | Lexington | Holmes | MS | 39095 | 2874 | 116 |
| 26 | Sally Brooks | PO Box 404 | Lexington | Holmes | MS | 39095 | 4618 | 117 |
| 27 | Hattie Broomfield | 2410 Old Five Mile Rd | Louise | Humphreys | MS | 39097 | 4498 | 118 |
| 28 | R B Broomfield | 2410 Old Five Mile Rd | Louise | Humphreys | MS | 39097 | 3161 | 119 |
| 29 | Andrew Brown | 528 South 4th Avenue | Laurel | Jones | MS | 39440 | 1526 | 120 |
| | | | | | | | 1650 | 121 |
| 30 | Elizabeth Brown | 1846 Ebenezer Rd | Pickens | Holmes | MS | 39146 | 2297 | 122 |
| 31 | Herman Brown Sr. | 204 Fava Drive | Greenville | Washington | MS | 38701 | 9795 | 123 |
| 32 | Love Joe and Ida Bell Brown  by Herman Brown Sr. | 204 Fava Drive | Greenville | Washington | MS | 38701 | | 124 |
| | | | | | | | | 125 |
| 33 | Trina Brown | 326 Levee St | Yazoo City | Yazoo | MS | 39194 | 8657 | 126 |
| | | | | | | | 3450 | 127 |
| 34 | Sidney K. Burch | 316 Joe Magee Rd | Columbia | | MS | 39429 | 3679 | 128 |
| | | | | | | | 6596 | 129 |
| 35 | Eldora Burkes by Calvin Burkes | | | | | | 8776 | 130 |
| | | | | | | | 3232 | 131 |
| 36 | Irene Bush | 409 College St | Greenwood | Lefore | MS | 38930 | 8356 | 132 |
| | | | | | | | 2836 | 133 |
| | | | | | | | 0949 | 134 |

Life of Georgia
Exhibit A

| No. | Name | Address | City | County | ST | Zip | Policy # | Policy Count |
|-----|------|---------|------|--------|-----|-----|----------|--------------|
| | | | | | | | ████9702 | 135 |
| | | | | | | | ████9935 | 136 |
| | | | | | | | ████5254 | 137 |
| 37 | Ellen E. Butler by Minnie Stewart | 713 Heather Lane | Jackson | Holmes | MS | 39206 | ████7681 | 138 |
| | | | | | | | ████8866 | 139 |
| | | | | | | | ████7682 | 140 |
| | | | | | | | ████7683 | 141 |
| | | | | | | | ████2600 | 142 |
| | | | | | | | ████1112 | 143 |
| | | | | | | | ████3919 | 144 |
| | | | | | | | ████4420 | 145 |
| | | | | | | | ████9458 | 146 |
| | | | | | | | ████8664 | 147 |
| | | | | | | | ████8663 | 148 |
| | | | | | | | ████3283 | 149 |
| | | | | | | | ████9424 | 150 |
| | | | | | | | ████3285 | 151 |
| | | | | | | | ████3291 | 152 |
| | | | | | | | ████4416 | 153 |
| | | | | | | | ████6644 | 154 |
| | | | | | | | ████6645 | 155 |
| | | | | | | | ████4585 | 156 |
| | | | | | | | ████3286 | 157 |
| | | | | | | | ████4419 | 158 |
| | | | | | | | ████4418 | 159 |
| | | | | | | | ████4417 | 160 |
| 38 | Hope Eloise Duke Campbell | 29 Windsor Court | Laurel | Jones | MS | 39443 | ████2719 | 161 |
| | | | | | | | ████1856 | 162 |
| | | | | | | | ████6701 | 163 |
| | | | | | | | ████0391 | 164 |
| | | | | | | | ████7788 | 165 |
| | | | | | | | ████5323 | 166 |
| | | | | | | | ████0390 | 167 |
| 39 | Susie Carmichael | 2435 Bush Dairy Rd | Laurel | Jones | MS | 39440 | ████2738 | 168 |
| | | | | | | | ████1012 | 169 |
| | | | | | | | ████5113 | 170 |
| | | | | | | | ████1014 | 171 |
| | | | | | | | ████8827 | 172 |
| 40 | Howard Chambers Sr | 170 Begonia St. | Biloxi | Harrison | MS | 39531 | ████6469 | 173 |
| | | | | | | | ████7714 | 174 |
| 41 | Joan Gulley Chambers | 210 Wayne St. | Waynesboro | Wayne | MS | 39367 | ████0916 | 175 |
| | | | | | | | ████0917 | 176 |
| | | | | | | | ████0918 | 177 |
| 42 | Rosemary Chandler | 2618 North Rocheblave St. | New Orleans | Orleans | LA | 70117 | ████0803 | 178 |
| | | | | | | | ████1960 | 179 |

Life of Georgia
Exhibit A

| No. | Name | Address | City | County | ST | Zip | Policy # | Policy Count |
|---|---|---|---|---|---|---|---|---|
| 43 | Jerome Chapman | 72 Charlie Dr | Ellisville | Jones | MS | 39437 | LOST POLICIES | 180 |
| 44 | Lula M. Coleman | 2246 Palmer Avenue | Laurel | Jones | MS | 39440 | ▓▓0545 | 181 |
| | | | | | | | ▓▓0473 | 182 |
| | | | | | | | ▓▓1730 | 183 |
| | | | | | | | ▓▓1731 | 184 |
| | | | | | | | ▓▓7312 | 185 |
| | | | | | | | ▓▓1026 | 186 |
| | | | | | | | ▓▓7248 | 187 |
| 45 | Gloria S. Colston | 48 Claiborne St | Natchez | Adams | MS | 39120 | ▓▓8550 | 188 |
| | | | | | | | ▓▓1960 | 189 |
| 46 | Gregory L Colston | 48 Claiborne St | Natchez | Adams | MS | 39120 | ▓▓9905 | 190 |
| 47 | Charles Conner by Debra Dorsey | 29 1/2 Beaumont St. | Natchez | Adams | MS | 39120 | ▓▓8900 | 191 |
| | | | | | | | ▓▓8657 | 192 |
| | | | | | | | ▓▓5591 | 193 |
| | | | | | | | ▓▓3206 | 194 |
| | | | | | | | ▓▓7623 | 195 |
| | | | | | | | ▓▓5840 | 196 |
| | | | | | | | ▓▓1680 | 197 |
| | | | | | | | ▓▓5889 | 198 |
| | | | | | | | ▓▓1681 | 199 |
| | | | | | | | ▓▓9908 | 200 |
| | | | | | | | ▓▓4748 | 201 |
| | | | | | | | | 202 |
| 48 | Cynthia Cowart | 10 Packwood Road | Tylertown | | MS | 39667 | ▓▓0397 | 203 |
| 49 | Sadie Dalcourt | PO Box 261 | Woodville | Wilkinson | MS | 39669 | ▓▓7212 | 204 |
| | | | | | | | ▓▓3589 | 205 |
| | | | | | | | ▓▓0232 | 206 |
| | | | | | | | ▓▓1848 | 207 |
| | | | | | | | ▓▓5919 | 208 |
| | | | | | | | ▓▓5980 | 209 |
| | | | | | | | ▓▓4638 | 210 |
| | | | | | | | ▓▓5982 | 211 |
| | | | | | | | ▓▓1639 | 212 |
| | | | | | | | ▓▓8727 | 213 |
| | | | | | | | ▓▓4640 | 214 |
| 50 | Patricia Daniel | 210 High Hill Dr | Vicksburg | Warren | MS | 39180 | ▓▓7394 | 215 |
| | | | | | | | ▓▓7391 | 216 |
| 51 | Linda Joyce Twillie Darby | 543 E. 37th Street | Erie | | PA | 16504 | ▓▓9007 | 217 |
| | | | | | | | ▓▓9470 | 218 |
| 52 | Dewayne S. Davis | PO Box 12 | Seale | Russell | AL | 36875 | ▓▓0085 | 219 |
| 53 | Diana M. Davis | 105 Catalina Circle | Jackson | Hinds | MS | 39284 | ▓▓1889 | 220 |
| 54 | James Davis by Carrie M. Haywood | 605 W. Martin L. King St | Mound Bayou | Bolivar | MS | 38762 | Lost Policies | 221 |
| 55 | Lauree Martin and Elton Davis | Rt 2 Box 183 | Monticello | | MS | 39654 | ▓▓0057 | 222 |
| | | | | | | | ▓▓2027 | 223 |

Life of Georgia
Exhibit A

| No. | Name | Address | City | County | ST | Zip | Policy # | Policy Count |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | ████9199 | 224 |
| | | | | | | | ████7322 | 225 |
| | | | | | | | ████0374 | 226 |
| | | | | | | | ████8403 | 227 |
| | | | | | | | ████2364 | 228 |
| | | | | | | | ████0099 | 229 |
| | | | | | | | ████0072 | 230 |
| 56 | Robert & Alfreda Davis by Zemma Myles | PO Box 10264 | Prichard | Mobile | AL | 36610 | ███1779 | 231 |
| | | | | | | | ████9876 | 232 |
| | | | | | | | ████9875 | 233 |
| | | | | | | | ████9662 | 234 |
| | | | | | | | ████2166 | 235 |
| | | | | | | | ████2621 | 236 |
| | | | | | | | ████9660 | 237 |
| | | | | | | | ████9661 | 238 |
| | | | | | | | ████6484 | 239 |
| 57 | Versa Davis by Bertha Sullivan | 11 13 Street | Clanton | Chilton | AL | 35045 | ████1487 | 240 |
| | | | | | | | ████148 | 241 |
| | | | | | | | ████3037 | 242 |
| | | | | | | | | 243 |
| 58 | Lonnie & Robert Dawson by Helen Dawson | 2136 SW 60th St. | Oklahoma City | Oklahoma | OK | 73159 | ████5008 | 244 |
| | | | | | | | ████5009 | 245 |
| 59 | Martha C Denham | 411 Monroe St | Laurel | Jones | MS | 39440 | ████9376 | 246 |
| | | | | | | | ████3177 | 247 |
| | | | | | | | ████3178 | 248 |
| | | | | | | | ████3736 | 249 |
| | | | | | | | ████9356 | 250 |
| 60 | Estella Dennis | PO Box 56 | Shaw | Bolivar | MS | 38773 | ████8982 | 251 |
| | | | | | | | ████4042 | 252 |
| | | | | | | | ████2071 | 253 |
| | | | | | | | ████5197 | 254 |
| | | | | | | | ████0631 | 255 |
| | | | | | | | ████0280 | 256 |
| | | | | | | | ████8671 | 257 |
| | | | | | | | ████1012 | 258 |
| | | | | | | | ████0813 | 259 |
| | | | | | | | ████4622 | 260 |
| | | | | | | | ████2899 | 261 |
| | | | | | | | ████8989 | 262 |
| 61 | Joseph Alvin DeRogers | 746 S. Gayoso Street | New Orleans | Orleans | LA | 70119 | ████4312 | 263 |
| | | | | | | | ████4313 | 264 |
| | | | | | | | ████4403 | 265 |
| 62 | Evelyn J. Dozier | 149 Chestnut St. | Laurel | Jones | MS | 39440 | ████7601 | 266 |
| | | | | | | | ████3289 | 267 |

Life of Georgia
Exhibit A

| No. | Name | Address | City | County | ST | Zip | Policy # | Policy Count |
|-----|------|---------|------|--------|----|----|----------|--------------|
| | | | | | | | ███0247 | 268 |
| | | | | | | | ███9236 | 269 |
| | | | | | | | ███9237 | 270 |
| | | | | | | | ███3799 | 271 |
| | | | | | | | ███4007 | 272 |
| | | | | | | | ███7089 | 273 |
| | | | | | | | ███4740 | 274 |
| | | | | | | | ███2791 | 275 |
| | | | | | | | ███5420 | 276 |
| | | | | | | | ███3004 | 277 |
| | | | | | | | ███6831 | 278 |
| 63 | Ethel L. Durham | 126 Cemetary St | Lexington | Holmes | MS | 39095 | ███2245 | 279 |
| | | | | | | | ███7169 | 280 |
| | | | | | | | ███4754 | 281 |
| | | | | | | | ███2555 | 282 |
| 64 | Pauline Durham | 126 Cemetary St | Lexington | Holmes | MS | 39095 | ███8789 | 283 |
| 65 | Estate of McLane Evers | 983 South Maple St | Laurel | Jones | MS | 39440 | ███7474 | 284 |
| | | | | | | | ███5343 | 285 |
| 66 | Mattie Jenelle Ferguson | 169 Friendship Rd | Laurel | Jones | MS | 39443 | ███7507 | 286 |
| | | | | | | | ███8190 | 287 |
| | | | | | | | ███7506 | 288 |
| | | | | | | | ███8793 | 289 |
| | | | | | | | ███8794 | 290 |
| | | | | | | | ███8795 | 291 |
| | | | | | | | ███8796 | 292 |
| | | | | | | | ███8797 | 293 |
| | | | | | | | ███8798 | 294 |
| | | | | | | | ███7079 | 295 |
| | | | | | | | ███8973 | 296 |
| 67 | Sylvester Fleming | 106 Cotrena Cir | Natchez | Adams | MS | 39120 | ███9137 | 297 |
| 68 | Althea Ford | Rt 2 Box 416 | Natchez | Adams | MS | 39120 | ███9101 | 298 |
| | | | | | | | ███1809 | 299 |
| | | | | | | | ███8806 | 300 |
| 69 | Joan T. Ford | 1108 Daisy St | Natchez | Adams | MS | 39120 | ███6799 | 301 |
| | | | | | | | ███6266 | 302 |
| | | | | | | | ███0147 | 303 |
| 70 | John Ford | 2930 N. Rocheblave St. | New Orleans | Orleans | LA | 70117 | ███1781 | 304 |
| | | | | | | | ███1866 | 305 |
| | | | | | | | ███2311 | 306 |
| | | | | | | | ███2313 | 307 |
| | | | | | | | ███2315 | 308 |
| | | | | | | | ███5420 | 309 |
| | | | | | | | ███5433 | 310 |
| | | | | | | | ███9616 | 311 |
| | | | | | | | ███9624 | 312 |
| | | | | | | | ███9634 | 313 |
| | | | | | | | ███9648 | 314 |

Life of Georgia
Exhibit A

| No. | Name | Address | City | County | ST | Zip | Policy # | Policy Count |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | ▬▬1556 | 315 |
| | | | | | | | ▬▬1806 | 316 |
| | | | | | | | ▬▬7314 | 317 |
| | | | | | | | ▬▬7317 | 318 |
| | | | | | | | ▬▬2320 | 319 |
| | | | | | | | ▬▬3879 | 320 |
| | | | | | | | ▬▬5232 | 321 |
| | | | | | | | ▬▬0585 | 322 |
| 71 | Barbara Franklin | Rt 2 Box 217 | Church Hill | | MS | 39120 | ▬▬7364 | 323 |
| | | | | | | | ▬▬6462 | 324 |
| | | | | | | | ▬▬7362 | 325 |
| | | | | | | | | 326 |
| | | | | | | | | 327 |
| 72 | Inez Franklin by Barbara Franklin | Rt 2 Box 217 | Church Hill | | MS | 39120 | ▬▬2332 | 328 |
| | | | | | | | ▬▬1702 | 329 |
| | | | | | | | ▬▬4084 | 330 |
| | | | | | | | ▬▬9497 | 331 |
| 73 | Mary Denice Franklin | Route 2, Box 217 | Church Hill | | MS | 39120 | ▬▬6462 | 332 |
| | | | | | | | ▬▬7362 | 333 |
| 74 | Sarah George | 7300 Arabia Avenue | Birmingham | Jefferson | AL | 31723 | ▬▬9192 | 334 |
| | | | | | | | ▬▬3162 | 335 |
| | | | | | | | ▬▬9190 | 336 |
| | | | | | | | ▬▬5784 | 337 |
| | | | | | | | ▬▬2317 | 338 |
| | | | | | | | ▬▬3257 | 339 |
| | | | | | | | ▬▬2594 | 340 |
| | | | | | | | ▬▬4997 | 341 |
| | | | | | | | ▬▬7182 | 342 |
| | | | | | | | ▬▬8292 | 343 |
| | | | | | | | ▬▬7544 | 344 |
| | | | | | | | ▬▬6472 | 345 |
| | | | | | | | ▬▬9189 | 346 |
| | | | | | | | ▬▬3163 | 347 |
| | | | | | | | ▬▬8600 | 348 |
| | | | | | | | ▬▬6071 | 349 |
| 75 | James Geralds | PO Box 1791 | Yazoo City | Yazoo | MS | 39194 | ▬▬7807 | 350 |
| 76 | Louise Graham | 901 Magnolia | Port Gibson | Claiborne | MS | 39150 | only checks | 351 |
| 77 | Marvin Earnest Gray | 5 J B Henry Road | Waynesboro | Wayne | MS | 39437 | pmt receipts only | 352 |
| 78 | Michael Green Sr | 10 Davis Court | Natchez | Adams | MS | 39120 | | 353 |
| 79 | Ronald Greene | 527 Victoria Ave | Laurel | Jones | MS | 39440 | ▬▬8824 | 354 |
| | | | | | | | ▬▬6600 | 355 |
| | | | | | | | ▬▬5837 | 356 |
| 80 | Mary Hall | 725 E. Kingston St. | Laurel | Jones | MS | 39440 | ▬▬1768 | 357 |
| | | | | | | | ▬▬3145 | 358 |
| | | | | | | | ▬▬4587 | 359 |
| | | | | | | | ▬▬0465 | 360 |

Life of Georgia
Exhibit A

| No. | Name | Address | City | County | ST | Zip | Policy # | Policy Count |
|-----|------|---------|------|--------|----|----|----------|--------------|
| | | | | | | | 2297 | 361 |
| | | | | | | | 7577 | 362 |
| | | | | | | | 7575 | 363 |
| | | | | | | | 2687 | 364 |
| | | | | | | | 2685 | 365 |
| | | | | | | | 7576 | 366 |
| | | | | | | | 2688 | 367 |
| | | | | | | | 2686 | 368 |
| | | | | | | | 2298 | 369 |
| | | | | | | | 2684 | 370 |
| 81 | Florine and Robert Hand | 440 Riverea Ave | Stonewall | Clarke | MS | 39303 | 4626 | 371 |
| | | | | | | | 9327 | 372 |
| | | | | | | | 6947 | 373 |
| | | | | | | | 4326 | 374 |
| | | | | | | | 3540 | 375 |
| | | | | | | | 8994 | 376 |
| | | | | | | | 2872 | 377 |
| | | | | | | | 2358 | 378 |
| | | | | | | | 4325 | 379 |
| 82 | Annie P. Hardaway | 120 Shiloh Church Rd | Newton | Newton | MS | 39345 | 6089 | 380 |
| | | | | | | | 6090 | 381 |
| | | | | | | | 6083 | 382 |
| 83 | Christine Hardy | 1025 South 15th Ave. | Laurel | Jones | MS | 39440 | 2979 | 383 |
| | | | | | | | 4658 | 384 |
| | | | | | | | 3788 | 385 |
| | | | | | | | 5068 | 386 |
| | | | | | | | 2699 | 387 |
| | | | | | | | 9162 | 388 |
| | | | | | | | 3919 | 389 |
| | | | | | | | 2191 | 390 |
| | | | | | | | 9977 | 391 |
| | | | | | | | 6378 | 392 |
| | | | | | | | 2439 | 393 |
| | | | | | | | 2440 | 394 |
| | | | | | | | 0280 | 395 |
| | | | | | | | 2439 | 396 |
| 84 | Helen & Jesse Hare | 1417 Margaret Drive | Laurel | Jones | MS | 39440 | 0902 | 397 |
| | | | | | | | 1629 | 398 |
| | | | | | | | 1488 | 399 |
| | | | | | | | 1629 | 400 |
| | | | | | | | 3368 | 401 |
| | | | | | | | 5362 | 402 |
| | | | | | | | 3225 | 403 |
| | | | | | | | 3226 | 404 |
| | | | | | | | 4364 | 405 |
| | | | | | | | 1486 | 406 |
| | | | | | | | 1487 | 407 |

Life of Georgia
Exhibit A

| No. | Name | Address | City | County | ST | Zip | Policy # | Policy Count |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | 3852 | 408 |
| | | | | | | | 2834 | 409 |
| | | | | | | | 2835 | 410 |
| | | | | | | | 5927 | 411 |
| 85 | Robert Lee Hare | 951 Maple Street | Laurel | | MS | 39440 | 4603 | 412 |
| | | | | | | | 4328 | 413 |
| | | | | | | | 8206 | 414 |
| | | | | | | | 5245 | 415 |
| | | | | | | | 5266 | 416 |
| | | | | | | | 4327 | 417 |
| | | | | | | | 8205 | 418 |
| 86 | Paul Hargrave | 306 Melrose Montebello Pkwy | Natchez | Adams | MS | 39120 | | 419 |
| 87 | Leroy Harper (Eunice) | PO Box 639 | Shelby | Bolivar | MS | 38774 | 8467 | 420 |
| | | | | | | | 8469 | 421 |
| | | | | | | | 8468 | 422 |
| | | | | | | | 5220 | 423 |
| 88 | Geneva Harris | 313 Pearl St. | Sardis | Panola | MS | 38666 | 5987 | 424 |
| | | | | | | | | 425 |
| 89 | Thelma Harris | 214 Pacely St. | Waynesboro | Wayne | MS | 39367 | | 426 |
| 90 | Phebia Haynes | 15 Marion Drive | Laurel | | MS | 39440 | 5360 | 427 |
| | | | | | | | 3686 | 428 |
| | | | | | | | 0655 | 429 |
| | | | | | | | 3686 | 430 |
| | | | | | | | 4699 | 431 |
| | | | | | | | 4700 | 432 |
| | | | | | | | 9465 | 433 |
| | | | | | | | 2580 | 434 |
| 91 | Rhonnel Y Hearn | 1919 NE 7th Place | Gainesville | | FL | 32641 | 5454 | 435 |
| | | | | | | | 5453 | 436 |
| | | | | | | | 5455 | 437 |
| | | | | | | | 5456 | 438 |
| | | | | | | | 5457 | 439 |
| | | | | | | | 5459 | 440 |
| | | | | | | | 0367 | 441 |
| | | | | | | | 5265 | 442 |
| | | | | | | | 5266 | 443 |
| | | | | | | | 2399 | 444 |
| | | | | | | | 6343 | 445 |
| | | | | | | | 6346 | 446 |
| | | | | | | | 4110 | 447 |
| | | | | | | | 3048 | 448 |
| | | | | | | | 3453 | 449 |
| | | | | | | | 3168 | 450 |
| | | | | | | | 2296 | 451 |
| | | | | | | | 2399 | 452 |
| | | | | | | | 0956 | 453 |

Life of Georgia
Exhibit A

| No. | Name | Address | City | County | ST | Zip | Policy # | Policy Count |
|-----|------|---------|------|--------|-----|-----|----------|--------------|
| | | | | | | | ████3049 | 454 |
| | | | | | | | ████7959 | 455 |
| | | | | | | | ████5745 | 456 |
| | | | | | | | | 457 |
| 92 | Grenh Hefner | 111 Pecan Drive M | Senatobia | Tate | MS | 38668 | ██████6041 | 458 |
| 93 | Josephine and Charles Henry by Charlene Henry | 2908 Banks St. | New Orleans | Orleans | LA | 70119 | ████9173 | 459 |
| | | | | | | | ████9176 | 460 |
| | | | | | | | ████9175 | 461 |
| | | | | | | | ████9179 | 462 |
| | | | | | | | ████9178 | 463 |
| | | | | | | | ████9172 | 464 |
| | | | | | | | █████9177 | 465 |
| | | | | | | | ████2013 | 466 |
| 94 | Denise Hibbler | 2353 Longtown Rd | Sarah | Panola | MS | 38665 | ████1415 | 467 |
| | | | | | | | ████4285 | 468 |
| | | | | | | | ████3405 | 469 |
| | | | | | | | █████1158 | 470 |
| 95 | Rosie Hibbler | 120 Dawkins St | Louiseville | Winston | MS | 39335 | ████6522 | 471 |
| 96 | Rosilean Hicks by Lurline Green | 702 Harris St | Vicksburg | Warren | MS | 39180 | ████0277 | 472 |
| | | | | | | | ████6008 | 473 |
| 97 | Eloise Hollis by Sammy Curry | 568 West Jess Lyon Rd | Columbus | Lowndes | MS | 39705 | ████9535 | 474 |
| | | | | | | | ████9541 | 475 |
| | | | | | | | ████9540 | 476 |
| | | | | | | | ████9539 | 477 |
| | | | | | | | █████6028 | 478 |
| | | | | | | | ████8114 | 479 |
| | | | | | | | ████6679 | 480 |
| | | | | | | | ████7811 | 481 |
| | | | | | | | ████6091 | 482 |
| | | | | | | | █████4575 | 483 |
| | | | | | | | ████2369 | 484 |
| | | | | | | | ████6032 | 485 |
| | | | | | | | ████7546 | 486 |
| | | | | | | | ████4778 | 487 |
| 98 | Dora Hoover | 1522 Gordon Ave | Yazoo City | Yazoo | MS | 39194 | ████5380 | 488 |
| | | | | | | | ████2758 | 489 |
| | | | | | | | ████3178 | 490 |
| | | | | | | | ████3179 | 491 |
| | | | | | | | █████2757 | 492 |
| | | | | | | | ████4071 | 493 |
| 99 | Hillman Hosey by Levell Hosey | 5 Campbell Barnes Rd | Laurel | Jones | MS | 39443 | ████1587 | 494 |
| 100 | R. Milford Hough Jr. | PO Box 1107 | Greenville | Washington | MS | 38702 | Lost Policy | 495 |
| 101 | Molier Hudson by Vivian Hudson | 211 Walnut Cir | Yazoo City | Yazoo | MS | 39194 | ████8043 | 496 |

Life of Georgia
Exhibit A

| No. | Name | Address | City | County | ST | Zip | Policy # | Policy Count |
|-----|------|---------|------|--------|-----|-----|----------|--------------|
| 102 | Mary G. Hunt | | | | | | ▮▮9823 | 497 |
| | | | | | | | ▮▮8119 | 498 |
| 103 | Willie Joyce Hutson, Jr | 632 S. Sherwood Dr | Gulfport | Harrison | MS | 39507 | ▮▮6168 | 499 |
| | | | | | | | ▮▮7226 | 500 |
| | | | | | | | ▮▮7798 | 501 |
| | | | | | | | ▮▮2758 | 502 |
| 104 | Emma Ivory | 1229 Texas St | Natchez | Adams | MS | 39120 | ▮▮2969 | 503 |
| | | | | | | | ▮▮5026 | 504 |
| 105 | Doris Jackson | 216 Eastland Blvd | Ocean Springs | | MS | 39564 | ▮▮1014 | 505 |
| | | | | | | | ▮▮1015 | 506 |
| | | | | | | | ▮▮1012 | 507 |
| | | | | | | | ▮▮1013 | 508 |
| | | | | | | | ▮▮0662 | 509 |
| | | | | | | | ▮▮1594 | 510 |
| | | | | | | | ▮▮1599 | 511 |
| | | | | | | | ▮▮2258 | 512 |
| | | | | | | | ▮▮5619 | 513 |
| | | | | | | | ▮▮5620 | 514 |
| | | | | | | | ▮▮5621 | 515 |
| | | | | | | | ▮▮5622 | 516 |
| | | | | | | | ▮▮0933 | 517 |
| | | | | | | | ▮▮3413 | 518 |
| | | | | | | | ▮▮2717 | 519 |
| | | | | | | | ▮▮2718 | 520 |
| | | | | | | | ▮▮0663 | 521 |
| | | | | | | | ▮▮9598 | 522 |
| | | | | | | | ▮▮5622 | 523 |
| | | | | | | | ▮▮7145 | 524 |
| | | | | | | | ▮▮0933 | 525 |
| 106 | Mary Jackson | 220 Boradmoor Dr | Natchez | Adams | MS | 39120 | ▮▮3550 | 526 |
| 107 | Catherine Jefferson | 4714 Jefferson Ln | Vicksburg | Warren | MS | 39180 | ▮▮7132 | 527 |
| | | | | | | | ▮▮5162 | 528 |
| | | | | | | | ▮▮7197 | 529 |
| | | | | | | | ▮▮7198 | 530 |
| | | | | | | | ▮▮7199 | 531 |
| | | | | | | | ▮▮4196 | 532 |
| | | | | | | | ▮▮6984 | 533 |
| | | | | | | | ▮▮6524 | 534 |
| | | | | | | | ▮▮2720 | 535 |
| | | | | | | | ▮▮7133 | 536 |
| | | | | | | | ▮▮4353 | 537 |
| | | | | | | | ▮▮2721 | 538 |
| 108 | Lovie Johnson by Kevin Johnson | PO Box 474 | Quitman | Clarke | MS | 39355 | ▮▮2875 | 539 |
| | | | | | | | ▮▮0768 | 540 |
| 109 | Samuel Johnson | 1225 Purvis Dr. | Laurel | Jones | MS | 39440 | ▮▮7386 | 541 |

Life of Georgia
Exhibit A

| No. | Name | Address | City | County | ST | Zip | Policy # | Policy Count |
|-----|------|---------|------|--------|----|----|----------|--------------|
| | | | | | | | ▬3365 | 542 |
| | | | | | | | ▬6559 | 543 |
| | | | | | | | ▬3915 | 544 |
| | | | | | | | ▬3841 | 545 |
| | | | | | | | ▬0898 | 546 |
| | | | | | | | ▬0613 | 547 |
| | | | | | | | ▬9416 | 548 |
| | | | | | | | ▬7483 | 549 |
| | | | | | | | ▬0993 | 550 |
| | | | | | | | ▬0995 | 551 |
| | | | | | | | ▬1283 | 552 |
| | | | | | | | ▬1284 | 553 |
| | | | | | | | ▬1285 | 554 |
| | | | | | | | ▬1000 | 555 |
| | | | | | | | ▬1001 | 556 |
| | | | | | | | ▬0996 | 557 |
| | | | | | | | ▬0994 | 558 |
| | | | | | | | ▬8961 | 559 |
| 110 | Inell Joiner | PO Box 371 | Macon | | MS | 39341 | ▬8309 | 560 |
| | | | | | | | ▬9081 | 561 |
| 111 | Gradie Lee Jones | PO Box 4074 | Laurel | Jones | MS | 39440 | ▬0964 | 562 |
| 112 | Ida M. Jones | 614 E. 15th St. | Laurel | Jones | MS | 39440 | ▬4041 | 563 |
| | | | | | | | ▬4043 | 564 |
| | | | | | | | ▬4045 | 565 |
| | | | | | | | ▬1679 | 566 |
| | | | | | | | ▬7158 | 567 |
| | | | | | | | ▬4315 | 568 |
| 113 | Jesse Jones | 1229 Texas St | Natchez | Adams | MS | 39120 | ▬2985 | 569 |
| | | | | | | | ▬5921 | 570 |
| 114 | Joanette Davis Jones | 434 Lower Woodville Road | Natchez | Adams | MS | 39120 | ▬6534 | 571 |
| | | | | | | | ▬6535 | 572 |
| | | | | | | | ▬9878 | 573 |
| 115 | Louella Jones | 602 B Cox Circle | Senatobia | Tate | MS | 38668 | ▬4738 | 574 |
| | | | | | | | ▬3556 | 575 |
| | | | | | | | ▬7646 | 576 |
| 116 | Rena Jones by John H. White | 1309 San Juan Dr. | Flint | Genesee | MI | 48504 | ▬6987 | 577 |
| | | | | | | | ▬7883 | 578 |
| 117 | Tommy J. Jones | 22 Davenport Alley | Vicksburg | Warren | MS | 39183 | ▬0217 | 579 |
| | | | | | | | ▬4965 | 580 |
| 118 | Verlene Jones | PO Box 775 | Como | Panola | MS | 38619 | ▬4113 | 581 |
| | | | | | | | ▬4020 | 582 |
| | | | | | | | Lost Policy | 583 |
| 119 | Dorothy J. Jordan | 478 Smith Chapel Rd | Laurel | Jones | MS | 39440 | ▬4812 | 584 |
| | | | | | | | ▬4813 | 585 |
| | | | | | | | ▬4815 | 586 |
| 120 | Glory D. Jordan | PO Box 105 | Louise | Humphreys | MS | 39097 | ▬3178 | 587 |

Life of Georgia
Exhibit A

| No. | Name | Address | City | County | ST | Zip | Policy # | Policy Count |
|-----|------|---------|------|--------|----|----|----------|--------------|
| | | | | | | | ████3177 | 588 |
| | | | | | | | ████8206 | 589 |
| 121 | May W. Williams-Joseph | 20693 Freeport Dr | Riverside | Riverside | CA | 92508 | No Policy | 590 |

## IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

| | | |
|---|---|---|
| **BILLIE A. AULD,** | * | |
| **ET AL.** | * | |
| | * | |
| **PLAINTIFFS.** | * | |
| | * | |
| **vs.** | * | CIVIL ACTION NO. _04-KV 0001-T_ |
| | * | |
| **LIFE INSURANCE COMPANY** | * | |
| **OF GEORGIA, ET AL.** | * | |
| | * | |
| **DEFENDANTS.** | * | |
| | * | |

### NOTICE OF SERVING DISCOVERY

TO:   Adams County Circuit Court
      Post Office Box 1224
      Natchez, MS 39121

Please take notice that the undersigned has served the following along with the Summons and Complaint:

1.   **Plaintiffs' First Set of Combined Interrogatories, Request For Production of Documents, and Requests for Admissions Propounded to the Defendant Life Insurance Company of Georgia.**

Respectfully submitted:

RECEIVED
AND FILED

JAN 0 5 2003

John A. Piazza (MS Bar No. 100333)

OF COUNSEL:
M.L. VINES CIRCUIT CLERK
                          D.C.
Ramsey Law Firm, P.C.
C.E. Sorey, II.
21 North Florida Street
Mobile, Alabama 36607
Telephone:  (251) 479-5655

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the  foregoing was served upon the parties listed above along with the Summons and Complaint via certified mail.

_____

JOHN A. PIAZZA

# IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

BILLIE A. AULD, ET AL.

      PLAINTIFFS,

vs.

LIFE INSURANCE COMPANY OF
GEORGIA, ET AL.

DEFENDANTS.

CIVIL ACTION NO. $O4$-$KN$-$0001$-$J$

RECEIVED
AND FILED

JAN 0 5 2003

M.L. VINES CIRCUIT CLERK
                                   D.C.

## PLAINTIFFS' FIRST SET OF COMBINED INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSIONS PROPOUNDED TO THE DEFENDANT, LIFE INSURANCE COMPANY OF GEORGIA

COMES NOW the Plaintiffs and propound the following Interrogatories, Document Requests and Requests for Admissions, in accordance with the Mississippi Rules of Civil Procedure, Rules 26, 33, 34 and 36, as follows:

## I. DEFINITIONS

The following definitions apply to all discovery requests:

1.    "LIFE OF GEORGIA" shall mean the defendant, Life Insurance Company of Georgia, as well as any predecessor corporation or entity, and all of their respective employees, officers, agents, and representatives.

2.    "You" or "your" shall mean the defendant, Life of Georgia, and all of its respective agents, representatives, employees, investigators, and attorneys.

3.    "Anyone acting on your behalf" includes your agents, employees, insurance company, their agents, employees, your attorneys, investigators, and consultants.

4.      "Custodian" refers to the person having possession, custody, or control of any writing or physical evidence.

5.      The term "document" shall be synonymous in meaning and equal in scope to the usage of this term in Mississippi Rule of Civil Procedure 34.  A draft or non-identical copy is a separate document within the meaning of this term.

6.      "Identify", "identification", or "identity", when used in reference to:

a. An individual or natural person, shall mean to state the person's full name, social security number, residence and business address, and residence and business telephone number;

b. A business or governmental entity not a natural person, shall mean to state the entity's full name, principal activities, state of legal creation, and address of the principal place of business.

c. A document, shall mean to state the document's description (e.g., letter, report, memorandum, etc.), the document's title, the document's date, the document's author, and the document's present location;

d. A communication, contact, or statement, shall mean to state the date, place and substance of the communication, contact, or statement, the persons by and to whom it was made, and each person who was present when it was made.

7.      "Person" shall mean any natural person or any entity, whether business entity (corporation, association, firm, partnership or otherwise), governmental entity, other legal entity, or any agency, bureau, committee, department, division, subdivision or subsidiary thereof.

8.      "Representative" shall mean any officer, director, agent, employee, attorney,

2

servant or other person acting for or on behalf of the person (as that term is defined herein) referred to in the interrogatory or definition or of the person's affiliate.

9.    The term "concerning" shall mean relating to, referring to, describing, evidencing of constituting, reflecting on, arising out of, or being in any way or manner legally, factually, or logically connected with the matter discussed.

10.    " Subject policies" or "the insurance policies" means those certain insurance policies issued to Plaintiffs herein and issued by the Defendants.

## INTERROGATORIES

### INTERROGATORY NO. 1

State the name, address and telephone number of each and every agent of Life of Georgia who has had any contact with Plaintiffs and state the agents current position(s) with Life of Georgia (if any).

### INTERROGATORY NO. 2

Identify each person who participated in the preparation of any of your responses to these discovery requests, or who provided information or assistance in connection with any response, or whom you consulted or from whom you sought information or assistance in connection with the preparation of any response.  Identify the discovery request to which each name applies.

### INTERROGATORY NO. 3

Please identify each policy of insurance issued by you to the Plaintiffs and for each policy set forth the type or nature of the policy; the effective date; the policy number; and the amendment number, if applicable.

### INTERROGATORY NO. 4

If you contend that any of the policies identified in your answer to the foregoing interrogatory "lapsed" or that coverage otherwise terminated, for each such policy, please state: the date or dates upon which you claim that such policy "lapsed", was rescinded; was canceled; or otherwise ceased to be in effect and give the reason therefore.

## INTERROGATORY NO. 5

Please state the name, address and telephone number of each person you believe may have discoverable knowledge of the facts and circumstances which form the basis of this lawsuit.

## INTERROGATORY NO. 6

Please state the names, addresses and telephone numbers of all witnesses which you may call at the trial of this matter and state the subject matter of their testimony.

## INTERROGATORY NO. 7

With respect to each person you will call or expect to call as an expert witness at the trial of this matter, please identify each person (including name, address, telephone number, and the field in which he is to be offered as an expert) and provide the following about each such witness:

(a) the subject matter on which the expert is expected to testify;

(b) the substance of the facts and opinions to which the expert is expected to testify; and

(c) a summary of the grounds for each opinion.

## INTERROGATORY NO. 8

Identify or describe the nature, custody and condition and location of any documents, writings or tangible things relevant to the subject matter of this suit known to you or to your

4

attorneys, whether same will be offered at trial or whether it is merely relevant to the subject matter in the pending action and may or may not be offered at trial.

### INTERROGATORY NO. 9

Please identify each and every document you relied upon or to which you referred, in forming your responses to Plaintiffs' complaint or these discovery requests, and identify the person who currently has possession of each document identified.

### INTERROGATORY NO. 10

Please state the name, address, telephone number and position occupied of any and all persons who have taken or obtained statements, questionnaires, declarations, applications or other documents from the Plaintiffs.

## REQUESTS FOR PRODUCTION

Plaintiffs, through counsel and pursuant to Rule 34 of the Mississippi Rules of Civil Procedure, herewith propound the following requests to the Defendant to produce the following documents for inspection and copying at The Ramsey Law Firm, 21 North Florida Street, Mobile Alabama 36607, within the time prescribed by law.

Please note that pursuant to Mississippi Rule of Civil Procedure 34(b), any documents produced shall be as they are kept in the usual course of business or, alternatively, the responding party shall organize and label them to correspond with the category in the request that calls for their production.

The manner of inspection shall be personal inspection at the time, date and place designated herein, including the photographing and/or copying by or on behalf of the Plaintiffs of the documents and other tangible things hereinafter mentioned, not privileged.

5

You are hereby notified that all documents which you claim are privileged shall be identified as to the name of said document, custodian and place of repository of said document and the subject matter and/or the request herein to which the document is responsive.

Please make available for inspection, photocopying and/or reproduction the following:

REQUEST NO. 1

Produce copies of each and every policy which you identified in your answer to interrogatory number 3.

REQUEST NO. 2

Copies of all documents pertaining to insurance sold to Plaintiffs by this Defendant.

REQUEST NO. 3

Copies of all correspondence, agreements, and/or contracts between this Defendant, Life of Georgia and the Plaintiffs or other Defendant(s) herein.

REQUEST NO. 4

All records of communication to Plaintiffs explaining or discussing the insurance policy or policies issued by Life of Georgia or the charges they were required to pay as a result of purchasing insurance issued by Life of Georgia.

REQUEST NO. 5

Copies of all agreements or contracts entered into by this Defendant, Life of Georgia, which agreements concern or in any way pertain to the insurance policies sold to the Plaintiffs herein.

REQUEST NO. 6

A copy of the insurance file or file by any other name (including but not limited to any claims files) concerning the Plaintiffs to this action.

## REQUEST NO. 7

All documents which relate to insurance issued by Life of Georgia to any of the Plaintiffs.

## REQUEST NO. 8

Any and all insurance agreements or policies under which any person or entity carrying on an insurance business may be liable to satisfy part or all of the judgment which may be rendered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

## REQUEST NO. 9

Copies of any indemnity agreement and reinsurance agreement(s) between any of the parties to this case.

## REQUEST NO. 10

Copies of any indemnity agreement and reinsurance agreement(s) between any party to this case and non-party which is relevant to the actions made the basis of this suit.

## REQUEST NO. 11

Copies of any and all statements previously made by the Plaintiffs concerning the subject matter of this lawsuit, including any written statement signed or otherwise adopted or approved by any Plaintiffs hereto and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by any Plaintiffs and contemporaneously recorded.

## REQUEST NO. 12

Any and all expert reports that were or will be relied upon in whole or in part by any testifying expert in this case.

## REQUEST NO. 13

7

A copy of each document concerning the events and happenings made the basis of this lawsuit and the persons involved, including but not limited to all documents concerning the sale of insurance to the Plaintiffs and the charges resulting therefrom.

REQUEST NO. 14

Any and all reports, papers, records, statistics, literature, or other documents upon which any of your expert witnesses will base his or her opinion.

REQUEST NO. 15

Any and all experts' reports which have been prepared in connection with this lawsuit or the actions giving rise to this lawsuit, if the expert is expected to or may testify in this cause as an expert.

REQUEST NO. 16

A copy of any investigation conducted by this answering defendant and/or its parent company in connection with insurance issued to policyholders that was not prepared in anticipation of litigation.

REQUEST NO. 17

Curriculum Vitae of all experts who may testify in this cause.

REQUEST NO. 18

All documents, recordings or other tangible things which you contend is in any way relevant to the events or happenings made the basis of this lawsuit and the persons involved.

REQUEST NO. 19

All documents referred to in your responses to any of the preceding Interrogatories.

REQUEST NO. 20

Copies of minutes of all corporate meetings of this answering defendant, Life of Georgia, for the past (10) years, which contain information relative to the sale of insurance to Mississippi policyholders.

## REQUEST NO. 21

Copies of all correspondence, communications (including memoranda of oral communications), statements, applications, declarations, or any other documents) taken or obtained from the Plaintiffs.

## REQUEST NO. 22

Complete and accurate copies of each and every insurance policy, policy amendment, and policy endorsement ever issued by this answering defendant, Life of Georgia, to the Plaintiffs.

## REQUEST NO. 23

Any and all reports from your computerized Policy Management System (by any other name) which pertain to the Plaintiffs or to any policies written to the Plaintiffs.

## REQUEST NO. 24

Copies of the Mississippi Insurance Licenses of all agents who sold insurance to the Plaintiffs including, but not limited to the individual defendants herein.

## REQUEST NO. 25

In the event any of the licenses produced in response to the previous request have ever been suspended or revoked, please produce documentation reflection the periods that such suspension or revocation was in effect.

## REQUEST NO. 26

9

All non-privileged documents not described herein, which are relative to the allegations contained in the Complaint.

REQUEST NO. 27

A detailed payment history/ record for every premium which has been paid by the Plaintiffs for any and all policies issued by Life of Georgia, including the dates upon which payments were received and the amount of payments received. This request includes complete premium receipt records (or records by any other name) for the Plaintiffs.

REQUEST NO. 28

Any and all advertising material, literature, documents or videotapes published or produced for the purpose of soliciting agents and/or prospective insureds.

REQUEST NO. 29

Produce the entire insurance file for the Plaintiffs (including but not limited to any claim files and any electronic data regarding the Plaintiffs).

REQUEST NO. 30

Produce complete Premium Receipt Books (PRBs), premium receipt records, or other document evidencing payment of premiums for the Plaintiffs.

REQUEST NO. 31

Produce documentation which was generated as a result of contact between the Plaintiffs and any of their agents with Life of Georgia.

REQUEST NO. 32

10

Please produce a copy of any and all communications, statements, questionnaires, applications, declarations or any other such documentation taken or obtained from the Plaintiffs at any time.

### REQUEST NO. 33

Produce the complete personnel files of Life of Georgia's agents (or former agents)  WHO SOLD OR SERVICED POLICIES OF THE PLAINTIFFS, including but not limited to the personnel files of the individual defendants herein.

### REQUEST NO. 34

Produce a copy of each document which was given or mailed to the Plaintiffs by Life of Georgia at any time.

### REQUEST NO. 35

If any documentation was generated as a result of contact between Plaintiffs to this action and any agent of Life of Georgia (identified in your response to interrogatory number 1), please produce a copy of said documents.


## REQUESTS FOR ADMISSIONS

### REQUEST FOR ADMISSIONS NO. 1

Please admit that Plaintiffs are or were "insured" on policy or policies issued by Life of Georgia.

### REQUEST FOR ADMISSIONS NO. 2

Please admit that Life of Georgia, an insurer, entered into a contractual relationship with the Plaintiffs.

11

REQUEST FOR ADMISSIONS NO. 3

Please admit that Life of Georgia sells insurance through the use of insurance agents who represent Life of Georgia for all purposes relating to the formation of the insurance contract.

REQUEST FOR ADMISSIONS NO. 4

Please admit that agents who call customers' in their homes to sell insurance products are required to be licensed agents.

RESPECTFULLY SUBMITTED,

BY:_____
John A. Piazza, Counsel for Plaintiff
MS Bar #100333

OF COUNSEL:

C.E. Sorey, II.
Ramsey Law Firm, P.C.
21 North Florida Street
Mobile, AL 36607
(251) 479-5655

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing *"Plaintiffs' First Set of Combined Interrogatories, Requests for Production of Documents, and* Requests for Admissions" was served via U.S. mail postage prepaid along with the Summons and Complaint.

_____
John A. Piazza, Counsel for Plaintiff

## IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

**BILLIE A. AULD, ET AL.**       *

        **Plaintiffs,**       *

      *

**vs.**       *       CIVIL ACTION NO: 04-KV-0001-J

      *

**LIFE INSURANCE COMPANY OF**       *

**GEORGIA, ET AL.**       *

      *

        **Defendants.**       *

### SUMMONS

**THE STATE OF MISSISSIPPI**

    **TO:**     **Paul Upton**
              **1011 Anniston Avenue**
              **Gulfport, MS 39507-2742**

### NOTICE TO DEFENDANT

### THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS

### IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

      You are required to mail or hand deliver a copy of a written response to the Complaint to **John A. Piazza,** the attorney for Plaintiffs, whose address is **Ramsey Law Firm, P.C., 21 N. Florida Street, Mobile, Alabama 36607.** Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

      You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

      Issued under my hand and the seal of said Court, this 5th day of Jan, 2004.

                              CIRCUIT CLERK OF ADAMS
                              COUNTY, MISSISSIPPI

(SEAL)

                      **By:**                             
                             CLERK

## IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

BILLIE A. AU... ET AL.                    *
        Plaintiffs,                      *
                              *
                              *
vs.                                       *    CIVIL ACTION NO: $04\text{-}KV\text{-}0001\text{-}J$
                              *
LIFE INSURANCE COMPANY OF                 *
GEORGIA, ET AL.                           *
                              *
        Defendants.                      *

### SUMMONS

**THE STATE OF MISSISSIPPI**

   TO:   **Paul Norrell**
            **1583 S. Main Street**
            **Greenville, MS 38701-7008**

### NOTICE TO DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS**

**IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

     You are required to mail or hand deliver a copy of a written response to the Complaint to **John A. Piazza**, the attorney for Plaintiffs, whose address is **Ramsey Law Firm, P.C., 21 N. Florida Street, Mobile, Alabama 36607**.  Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

     You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

     Issued under my hand and the seal of said Court, this _5th_ day of _Jan_, 2004.

                              M.L. VINES
                              CIRCUIT CLERK OF ADAMS
                              COUNTY, MISSISSIPPI

(SEAL)

                      By: _____Jackie Michael, DC_____
                         CLERK

## IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

BILLIE A. AULD, ET AL.                    *
                                          *
        Plaintiffs,                       *
                                          *
vs.                                       *        CIVIL ACTION NO: 04-KV d001-J
                                          *
LIFE INSURANCE COMPANY OF                 *
GEORGIA, ET AL.                           *
                                          *
        Defendants.                       *

## SUMMONS

**THE STATE OF MISSISSIPPI**

TO:    **Walter Montgomery**
       **4582 Hebron Road**
       **Lexington, MS 39095-9731**

## NOTICE TO DEFENDANT

### THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS

### IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand deliver a copy of a written response to the Complaint to **John A.**

**Piazza**, the attorney for Plaintiffs, whose address is **Ramsey Law Firm, P.C., 21 N. Florida Street, Mobile,**

**Alabama 36607**.  Your response must be mailed or delivered within thirty (30) days from the date of

delivery of this summons and complaint or a judgment by default will be entered against you for the money

or other things demanded in the complaint.

        You must also file the original of your response with the Clerk of this Court within a reasonable time

afterward.

        Issued under my hand and the seal of said Court, this 5th day of Jan, 2004.

                                          *M.L. HALE*
                                          CIRCUIT CLERK OF ADAMS
                                          COUNTY, MISSISSIPPI

(SEAL)

                                  By: _____
                                          CLERK

**IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI**

| | |
|---|---|
| **BILLIE A. AULD, ET AL.** | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| **vs.** | *   CIVIL ACTION NO: $04$-$KV$-$0001$-$J$ |
| | * |
| **LIFE INSURANCE COMPANY OF** | * |
| **GEORGIA, ET AL.** | * |
| | * |
| **Defendants.** | * |

**SUMMONS**

**THE STATE OF MISSISSIPPI**

TO:   **Randy Britt**
      **2358 Blue Bird Drive**
      **Greenville, MS 38701-8105**

**NOTICE TO DEFENDANT**

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand deliver a copy of a written response to the Complaint to **John A. Piazza**, the attorney for Plaintiffs, whose address is **Ramsey Law Firm, P.C., 21 N. Florida Street, Mobile, Alabama 36607**. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this _5th_ day of _Jan_, 2004.

CIRCUIT CLERK OF ADAMS
COUNTY, MISSISSIPPI

(SEAL)

By: _____
            CLERK

## IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

BILLIE A. AULD, ET AL.                    *
                                          *
        Plaintiffs,                       *
                                          *
                                          *
vs.                                       *        CIVIL ACTION NO: 04-KV.0001-J
                                          *
LIFE INSURANCE COMPANY OF                 *
GEORGIA, ET AL.                           *
                                          *
        Defendants.                       *

### SUMMONS

### THE STATE OF MISSISSIPPI

TO:    **Life Insurance Company of Georgia**
       **c/o CT Corp System**
       **1201 Peachtree Street, Northeast**
       **Atlanta, GA 30361**

### NOTICE TO DEFENDANT

### THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS
### IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to **John A. Piazza**, the attorney for Plaintiffs, whose address is **Ramsey Law Firm, P.C., 21 N. Florida Street, Mobile, Alabama 36607**.  Your response must be mailed or delivered within thirty (30) days from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this _5th_ day of _Jan_, 2004.

        M.L. DING
        CIRCUIT CLERK OF ADAMS
        COUNTY, MISSISSIPPI

(SEAL)

        By: _____
            CLERK

# RAMSEY LAW FIRM, P.C.
*Attorneys and Counselors at Law*

Robert S. Ramsey +
C. E. Sorey, II ◊
John A. Piazza ◊
_____
+ Licensed in Alabama
◊ Licensed in Mississippi only

21 North Florida Street
Mobile, Alabama 36607
(251) 479-5655
(800) 434-0141
Fax (251) 479-2488
E-mail:japiazza@ramseylawfirm.com

Wallace W. Ramsey
(1887 - 1981)
James B. Ramsey
(1926 - 1980)

January 2, 2004

Adams County Circuit Clerk
Post Office Box 1224
Natchez, MS 39121

RE:   Billie A. Auld, et al. vs. Life Insurance Company of Georgia

Dear Clerk:

We are enclosing for the above referenced case the following: the Original Complaint with service copies; cover sheets, original Summons and Notice of Serving Discovery; and, our firm check totaling the court costs in the amount of **$95.00**, which includes the jury demand. ***Please return the Summons and the service copies of the Complaint for certified mail service by us.***

Additionally, we have enclosed file copies which we would appreciate you stamping and returning to our office in the enclosed self-addressed, postage prepaid envelope.

If you have any other questions concerning this matter, please do not hesitate to contact me at 1-800-434-0141.

With kindest regards, I remain

Sincerely,

John A. Piazza

RECEIVED
AND FILED

JAN 0 5 2004

BY _____
M.L. VINES CIRCUIT CLERK
_____ D.C.

Enclosures

IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

RECEIVED
AND FILED

JAN 8 2004

M.L. VINES CIRCUIT CLERK
BY_____ D.C.

BILLIE A. AULD, ET AL.

    PLAINTIFFS,

                                    CIVIL ACTION NO. 04-KV-0001-J

vs.

LIFE INSURANCE COMPANY OF
GEORGIA, ET AL.

    DEFENDANTS.

## NOTICE OF SERVICE

    Plaintiff hereby gives notice to the Court that Defendant, Randy Britt was served on the

17th day of **January, 2004** with a copy of the Summons and Complaint in the above entitled

action, via U.S. Certified Mail, 2358 Blue Bird Drive, Greenville, Mississippi, 38701-8105; as

shown by the attached copy of the return receipt.

    Notice is further given that the undersigned will retain, as custodian the original of the

aforementioned return receipt.

    Respectfully submitted this the 27th day of **January, 2004.**

                                       *C.E. Sorey*

                              C.E. SOREY, II. (Ms. Bar #7692)
                              Attorney for Plaintiffs

Of Counsel:

John A. Piazza, (Ms. Bar #100333)
21 N. Florida Street
Mobile, Alabama 36607
(251) 479-5655

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

Randy Britt
2358 Blue Bird Drive
Greenville, MS 38701-8105

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Randy Britt*

B. Received by ( Printed Name )
*Randy Britt*

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type.
☑ Certified Mail  ☐ Express Mail
☐ Registered     ☑ Return Receipt for Merch
☐ Insured Mail   ☐ C.O.D.

2. Article Number
   (Transfer from        7003 0500 0001 0886 7100

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-

## IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

BILLIE A. AULD, ET AL.

    PLAINTIFFS,

vs.

LIFE INSURANCE COMPANY OF
GEORGIA, ET AL.

    DEFENDANTS.

    CIVIL ACTION NO. 04-KV-0001-J

RECEIVED
AND FILED

JAN 8 2004

M.L. VINES CIRCUIT CLERK
D.C.

### NOTICE OF SERVICE

    Plaintiff hereby gives notice to the Court that Defendant, Life Insurance Company of

Georgia was served on the **20th** day of **January, 2004** with a copy of the Summons and

Complaint in the above entitled action, via U.S. Certified Mail, c/o CT Corporation System, 1201

Peachtree Street, Northeast, Atlanta, GA 30361; as shown by the attached copy of the return

receipt.

    Notice is further given that the undersigned will retain, as custodian the original of the

aforementioned return receipt.

    Respectfully submitted this the **27**th day of **January, 2004.**

C.E. SOREY, II. (Ms. Bar #7692)
Attorney for Plaintiffs

Of Counsel:

John A. Piazza, (Ms. Bar #100333)
21 N. Florida Street
Mobile, Alabama 36607
(251) 479-5655

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Life Insurance Co. of Georgia
c/o CT Corporation System
1201 Peachtree St., Northeast
Atlanta, GA 30361

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _M. Jobes_ ☐ Agent ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

_M. Jobes_   ATLANTA GA

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

JAN 20 2004

3. Service Type:
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☒ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7003 0500 0001 0886 7117

PS Form 3811, August 2001   Domestic Return Receipt   102595-02-M-

## IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

BILLIE A. AULD, ET AL.

    PLAINTIFFS,

vs.

    CIVIL ACTION NO. 04-KV-0001-J

LIFE INSURANCE COMPANY OF
GEORGIA, ET AL.

    DEFENDANTS.

RECEIVED AND FILED

8 2004

CIRCUIT CLERK D.C.

### NOTICE OF SERVICE

Plaintiff hereby gives notice to the Court that Defendant, Walter Montgomery, was served on the 17th day of January, 2004 with a copy of the Summons and Complaint in the above entitled action, via U.S. Certified Mail, 4582 Hebron Road, Lexington, MS 39095-9731; as shown by the attached copy of the return receipt.

Notice is further given that the undersigned will retain, as custodian the original of the aforementioned return receipt.

Respectfully submitted this the 27th day of January, 2004.

C.E. SOREY, II. (Ms. Bar #7692)
Attorney for Plaintiffs

Of Counsel:

John A. Piazza, (Ms. Bar #100333)
21 N. Florida Street
Mobile, Alabama 36607
(251) 479-5655

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X *Walter K. Montgomery* □ Agent □ Addressee<br>B. Received by ( *Printed Name* ) C. Date of Delivery<br>*WK Montgomery* 1-17-0 |
| 1. Article Addressed to:<br><br>Walter Montgomery<br>4582 Hebron Road<br>Lexington, MS 39095-9731 | D. Is delivery address different from item 1? □ Yes<br>If YES, enter delivery address below: □ No |
|  | 3. Service Type<br>☑ Certified Mail □ Express Mail<br>□ Registered ☑ Return Receipt for Merchandise<br>□ Insured Mail □ C.O.D. |
| 2. Article Number<br>(Transfer from service label) 7003 0500 0001 0886 7094 |  |
| PS Form 3811, August 2001 Domestic Return Receipt | 102595-02 |

## IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

BILLIE A. AULD, ET AL,

PLAINTIFFS,

vs.                                                    CIVIL ACTION NO.  04-KV-0001-J

LIFE INSURANCE COMPANY OF
GEORGIA, ET AL.

DEFENDANTS.

*RECEIVED AND FILED JAN 8 2004 ... CIRCUIT CLERK*

### NOTICE OF SERVICE

Plaintiff hereby gives notice to the Court that Defendant, Paul Norrell, was served on the

**17th** day of **January, 2004** with a copy of the Summons and Complaint in the above entitled

action, via U.S. Certified Mail, 1583 South Main Street, Greenville, MS 38701-7008; as shown

by the attached copy of the return receipt.

Notice is further given that the undersigned will retain, as custodian the original of the

aforementioned return receipt.

Respectfully submitted this the **27th** day of **January, 2004.**

C.E. SOREY, II. (Ms. Bar #7692)
Attorney for Plaintiffs

Of Counsel:

John A. Piazza, (Ms. Bar #100333)
21 N. Florida Street
Mobile, Alabama 36607
(251) 479-5655

IN THE CIRCUIT COURT OF ADAMS COUNTY, MISSISSIPPI

BILLIE A. AULD, *et al.*                                          **PLAINTIFFS**

v.                                                    **CIVIL ACTION NO. 04-KV-0001-J**

LIFE INSURANCE COMPANY OF GEORGIA; *et al.*          **DEFENDANTS**

---

### NOTICE OF FILING OF NOTICE OF REMOVAL

---

Pursuant to 28 U.S.C. § 1446, Defendants Life Insurance Company of Georgia, Paul Norrell, Randy Britt, Walter Montgomery and Paul Upton hereby file with this Court a copy of the enclosed Notice of Removal and Statement of Facts and Authorities in Support of Removal (attached hereto as Exhibit "A," without exhibits), filed today in the United States District Court for the Southern District of Mississippi, Western Division.  Pursuant to 28 U.S.C. § 1446, this Court shall proceed no further in this action, unless and until the case is remanded.

Respectfully submitted, this the 13th day of February, 2004.

**LIFE INSURANCE COMPANY OF GEORGIA
PAUL NORRELL, RANDY BRITT, WALTER
MONTGOMERY and PAUL UPTON**

By: _Clara W. Kilmer_
One of Their Attorneys

**EXHIBIT
B**

OF COUNSEL:

Robert L. Gibbs (MB #4816)
Sheldon G. Alston (MB #9784)
Claire W. Ketner (MB #99708)
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
1400 Trustmark Building
248 East Capitol Street (39201)
Post Office Drawer 119
Jackson, Mississippi  39205-0119
Telephone:  (601) 948-3101
Facsimile:   (601) 960-6902

Charles E. Griffin (MB #5015)
GRIFFIN & ASSOCIATES LAWYERS
125 So. Congress Street, Suite 1515 (39201)
Post Office Box 968
Jackson, Mississippi  39205-0968
Telephone:  (601) 354-0603
Facsimile:   (601) 354-0604

## CERTIFICATE OF SERVICE

I, Claire W. Ketner, one of the attorneys for Defendants Life Insurance Company of Georgia, Paul Norrell, Randy Britt, Walter Montgomery and Paul Upton, do hereby certify that I have forwarded a true copy of the above and foregoing **Notice of Filing of Notice of Removal** via United States mail, postage prepaid, to the following:

> John A. Piazza, Esq.
> C. E. Sorey, II, Esq.
> RAMSEY LAW FIRM, P.C.
> 21 N. Florida St.
> Mobile, AL  36607

SO CERTIFIED, this the 13th day of February, 2004.

_____

CLAIRE W. KETNER

## CERTIFICATE OF SERVICE

I, Claire W. Ketner, one of the attorneys for Defendants Life Insurance Company of Georgia, Paul Norrell, Randy Britt, Walter Montgomery and Paul Upton, do hereby certify that I have forwarded a true copy of the above and foregoing **Notice of Removal and Statement of Facts and Authorities in Support of Removal** via United States mail, postage prepaid, to the following:

> John A. Piazza, Esq.
> C. E. Sorey, II, Esq.
> RAMSEY LAW FIRM, P.C.
> 21 N. Florida St.
> Mobile, AL  36607

SO CERTIFIED, this the 13th day of February, 2004.

_____
CLAIRE W. KETNER

%JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

5:04cv55BrSu

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BILLIE A. AULD AND ALL PLAINTIFFS LISTED
ON ATTACHED EXHIBIT "A" (see attached)

## DEFENDANTS
LIFE INSURANCE COMPANY OF GEORGIA; et al.
(see attached)

(b) County of Residence of First Listed Plaintiff ADAMS
(EXCEPT IN U.S. PLAINTIFF CASES)

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
FEB 1 3 2004
J. T. NOBLIN, CLERK
BY_____ DEPUTY

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Robert L. Gibbs (MB #8816), Sheldon G. Alston (MB #9784), Claire W. Ketner (MB #99708), Brunini, Grantham, Grower & Hewes, PLLC, P.O. Box 119, Jackson, MS 39205-0119, (601) 948-3101; Charles E. Griffin, Esq. (MB #5015), Griffin & Associates Lawyers, P.O. Box 960, Jackson, MS 39205-0960, (601) 354-9603

Attorneys (If Known)
John A. Piazza (MB #100333), C. E. Sorey, II (MB #7692), Ramsey Law Firm, P.C., 21 N. Florida St., Mobile, AL 36607, (334) 479-5655

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [x] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

### CONTRACT
- [x] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

**PERSONAL INJURY**
- [ ] 362 Personal Injury— Med. Malpractice
- [ ] 365 Personal Injury— Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### FORFEITURE/PENALTY
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc.
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### CIVIL RIGHTS
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

### PRISONER PETITIONS
- [ ] 510 Motions to Vacate Sentence
  Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a)-(c) and 1443; there is federal question jurisdiction, as Plaintiffs are making claims of illegal race discrimination which can only be brought under 42 U.S.C. § 1981; 28 U.S.C. § 1331 – jurisdiction.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 02-13-04

SIGNATURE OF ATTORNEY OF RECORD
Claire W. Ketner

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

#J06535l

*Billie A. Auld, et al. vs. Life Insurance Company of Georgia, et al.*

### List of Plaintiffs

| | |
|---|---|
| 1 | Deborah F. Allaire |
| 2 | Floree Anderson, by Dianne Anderson |
| 3 | Jane Maclin Andrews |
| 4 | Wesley L. Atterberry |
| 5 | Billie A. Auld |
| 6 | Lestine Avant |
| 7 | Alvin and Brenda Bacon |
| 8 | Vera Davis Ballard |
| 9 | Catherine Barnes, by Cassie Price |
| 10 | Marian Barnes |
| 11 | Annie L. Beasley |
| 12 | Earnestine B. Bell |
| 13 | Willie Mae Bennett |
| 14 | Marsha A. Bester |
| 15 | Marsha G. Bester |
| 16 | Preston Bester, Jr. |
| 17 | Preston Bester, Sr. |
| 18 | Lucille Black |
| 19 | Carl W. Blakely |
| 20 | Gerald Bland |
| 21 | Dow H. Bourland |
| 22 | Vernell Boykin |
| 23 | Jessie Breland |
| 24 | Roxie Breland |
| 25 | Lee H. Brooks |
| 26 | Sally Brooks |
| 27 | Hattie Broomfield |
| 28 | R. B. Broomfield |
| 29 | Andrew Brown |
| 30 | Elizabeth Brown |
| 31 | Herman Brown, Sr. |

32      Joe Love and Ida Bell Brown, by Herman Brown, Sr.

33      Trina Brown

34      Sidney K. Burch

35      Eldora Burkes, by Calvin Burkes

36      Irene Bush

37      Ellen E. Butler, by Minnie Stewart

38      Hope Eloise Duke Campbell

39      Susie Carmichael

40      Howard Chambers, Sr.

41      Joan Gulley Chambers

42      Rosemary Chandler

43      Jerome Chapman

44      Lula M. Coleman

45      Gloria S. Colston

46      Gregory L. Colston

47      Charles Conner, by Debra Dorsey

48      Cynthia Cowart

49      Sadie Dalcourt

50      Patricia Daniel

51      Linda Joyce Twillie Darby

52      Dewayne S. Davis

53      Diana M. Davis

54      James Davis, by Carrie M. Haywood

55      Lauree Martin and Elton Davis

56      Robert and Alfreda Davis, by Zemma Myles

57      Versa Davis, by Bertha Sullivan

58      Lonnie and Robert Dawson, by Helen Dawson

59      Martha C. Denham

60      Estella Dennis

61      Joseph Alvin DeRogers

62      Evelyn J. Dozier

63      Ethel L. Durham

64      Pauline Durham

65      Estate of McLane Evers

| 66 | Mattie Jenelle Ferguson |
|----|-------------------------|
| 67 | Sylvester Fleming |
| 68 | Althea Ford |
| 69 | Joan T. Ford |
| 70 | John Ford |
| 71 | Barbara Franklin |
| 72 | Inez Franklin, by Barbara Franklin |
| 73 | Mary Denice Franklin |
| 74 | Sarah George |
| 75 | James Geralds |
| 76 | Louise Graham |
| 77 | Marvin Earnest Gray |
| 78 | Michael Green, Sr. |
| 79 | Ronald Greene |
| 80 | Mary Hall |
| 81 | Florine and Robert Hand |
| 82 | Annie P. Hardaway |
| 83 | Christine Hardy |
| 84 | Helen and Jesse Hare |
| 85 | Robert Lee Hare |
| 86 | Paul Hargrave |
| 87 | Leroy Harper (Eunice) |
| 88 | Geneva Harris |
| 89 | Thelma Harris |
| 90 | Phebia Haynes |
| 91 | Rhonnel Y. Hearn |
| 92 | Grenh Hefner |
| 93 | Josephine and Charles Henry, by Charlene Henry |
| 94 | Denise Hibbler |
| 95 | Rosie Hibbler |
| 96 | Rosilean Hicks, by Lurline Green |
| 97 | Eloise Hollis, by Sammy Curry |
| 98 | Dora Hoover |
| 99 | Hillman Hosey, by Levell Hosey |

| | |
|---|---|
| 100 | R. Milford Hough, Jr. |
| 101 | Moller Hudson, by Vivian Hudson |
| 102 | Mary G. Hunt |
| 103 | Willie Joyce Hutson, Jr. |
| 104 | Emma Ivory |
| 105 | Doris Jackson |
| 106 | Mary Jackson |
| 107 | Catherine Jefferson |
| 108 | Lovie Johnson, by Kevin Johnson |
| 109 | Samuel Johnson |
| 110 | Inell Joiner |
| 111 | Gradie Lee Jones |
| 112 | Ida M. Jones |
| 113 | Jesse Jones |
| 114 | Joanette Davis Jones |
| 115 | Louella Jones |
| 116 | Rena Jones, by John H. White |
| 117 | Tommy J. Jones |
| 118 | Verlene Jones |
| 119 | Dorothy J. Jordan |
| 120 | Glory D. Jordan |
| 121 | May W. Williams-Joseph |

*Billie A. Auld, et al. vs. Life Insurance Company of Georgia, et al.*

## List of Defendants

| | |
|---|---|
| 1 | Life Insurance Company of Georgia |
| 2 | Harvey Adcock |
| 3 | F. Allegrezza |
| 4 | Edward C. Bland |
| 5 | L. Boone |
| 6 | M. R. Boone |
| 7 | L. Boone, Jr. |
| 8 | Timmy Borgognoni |
| 9 | Randy Britt |
| 10 | L. Brown |
| 11 | Janice Bulton |
| 12 | L. H. Buroi |
| 13 | Bobby Byrnes |
| 14 | Barbara Cooper |
| 15 | J. K. M. Craig |
| 16 | Paul R. Cutting |
| 17 | Henry Davis |
| 18 | Terry W. Davis |
| 19 | Clinton Dickerson |
| 20 | Hank Favaroth |
| 21 | John Felton |
| 22 | Howard Foreman |
| 23 | Howard Fulgham |
| 24 | S. Garnard |
| 25 | Marvin Gibbs |
| 26 | James Gray |
| 27 | John Hand |
| 28 | John Harrington |
| 29 | Arnold Henderson |
| 30 | E. Jackson |

| | |
|---|---|
| 31 | Gregory Jackson |
| 32 | Shirley Jenrette |
| 33 | Bubba Johnson |
| 34 | Les King |
| 35 | Oliver King |
| 36 | Olevar S. King |
| 37 | Craig Kirby |
| 38 | Davis Labell |
| 39 | Gregg Lane |
| 40 | J. Mally |
| 41 | Ivy Maney |
| 42 | Mayo Mangum |
| 43 | Ivy Mauery |
| 44 | James Mays |
| 45 | Ralph G. Mays |
| 46 | O. W. McRae |
| 47 | Ivy Memiy |
| 48 | John G. Mimbs |
| 49 | Walter Montgomery |
| 50 | William Montgomery |
| 51 | Paul Norrell |
| 52 | Larry O'Conner |
| 53 | Lawrence M. Phillips |
| 54 | A. Prewitt |
| 55 | Cochran Price |
| 56 | Maxine Salley |
| 57 | Charles Smith |
| 58 | Clide Smith |
| 59 | Clyde W. Smith |
| 60 | Curtis Smith |
| 61 | Leslie Smith |
| 62 | Lisa Thompson |
| 63 | Paul Upton |
| 64 | Gilbert Walden |

65    B. Walk
66    Harold Walley
67    Ben Waltman
68    James Watson
69    Paul Watson
70    Sam Whitake
71    Penny Womble